JOHN C. MORSE *vs.* FRANCIS I. MESTON & others.

Suffolk.   January 20, 21, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Shares of Stock — Gift inter Vivos — Delivery of Certificate — Waiver.*

Shares of stock in a corporation at the death of a testator stood in his name on the corporation books, no written transfer or power of attorney to transfer having been executed by him, and the unindorsed certificate was with his securities in a box in the possession of the executor's wife. On the issue of a delivery of the stock to her as a gift, the evidence of the testator's intention to give her the stock was uncertain and equivocal, and consistent with the theory that he meant only to deposit the certificate in the box with his papers. *Held,* that the evidence was insufficient to show that the testator intended to make her a gift of the stock.

The executor, who was charged in the Probate Court with the value of the stock, for the first time before the full court raised the point orally in argument that he ought not to be charged in his account with property in another's possession. *Held,* that he must be taken to have waived the objection.

FIELD, J.   This is an appeal from a decree of the Probate Court allowing the first account of John C. Morse, executor of the will of Charles G. Emmons.   The appellants are the residuary legatees.   The executor in his account did not charge himself with the value of forty shares of the preferred stock of the West End Railway Company.   When Emmons died, this stock stood in his name on the books of the corporation, and the certificate was in a box where his mortgages and mortgage notes were kept, this box being in the possession of Joanna P. Morse, the wife of John C. Morse.   She claimed the stock as her property, and contended that it had been given to her by Emmons in his lifetime.   The certificate was in his name, and had not been indorsed by him, and no written transfer of the stock in any form, and no power of attorney to transfer it, had been executed by him.   The contention was that the certificate had been delivered by him to her as a gift, with the intention of transferring to her the title to it, and that this transferred the equitable title. This question was heard by the judge of probate, who found that the stock had been given to Mrs. Morse by Emmons during his life.   The appeal was heard by a justice of this court, upon

oral evidence which has been reported; and the testimony taken before the Probate Court, having been reduced to writing, was also submitted to him, and is reported. The justice who heard the appeal entered a decree, charging the executor in his account with the value of the stock, from which this appeal was taken to the full court. Subsequently, the justice filed his findings of fact, of which the most important is, that the testator " never did anything with the intention of divesting himself of his legal or equitable title to " the stock.

It has been suggested in the brief for the executor, that, as the case has not been reported, the justice could not file these findings of fact after he had entered the decree, and after an appeal had been taken to the full court. We do not find it necessary to decide whether this is so or not, or whether the findings of fact should not have been entered as of some time before the entering of the decree, because the decree is consistent with the findings, and could not be reversed unless it was found by the full court, on the evidence, that the testator delivered the certificate of stock to Mrs. Morse with the intention of transferring to her the title. There is, indeed, a question of law which has been argued; namely, whether the delivery of a certificate of stock in a corporation with the intention of making a gift of it, but without any indorsement or assignment of it, or any written power to assign it, will constitute a perfected gift; but this also, from the view we take of the evidence, we do not find it necessary to decide.

All the testimony in the case is from Mrs. Morse and her daughter, and it is insufficient to satisfy us that Emmons intended to give this stock to Mrs. Morse, or that he put the certificate in the box with the intention of delivering it to her as her property. The testimony is consistent with the theory that he meant to deposit the certificate with his own mortgages and mortgage notes, and it is too uncertain and equivocal to convince us that he meant to make a gift of it.

It was suggested in the argument in this court, that, as Mrs. Morse was not a party to these proceedings, the decree will not affect her; that she can still litigate her right to the stock; and that an executor or administrator ought not to be charged in his account with the value of property which is in the possession of

another person claiming title to it, until it has been decided in some controversy between him and that other person that the property belongs to the estate. Whatever may be the rule of practice which should generally be adopted in such a case, since the point does not appear to have been taken by the executor, either before the Probate Court or before the justice of this court who heard the appeal, or in his brief here, it must be taken that he is content to have his liability to account for the value of the stock determined in these proceedings. The fact that Mrs. Morse, who claims the stock, is his wife, and has been fully heard in the proceedings, may account for this ; at all events, he must be held to have waived this objection, if there were ever anything in it. The decree of the justice of this court must be affirmed.                                          *So ordered.*

*R. M. Morse, Jr.*, for the executor.

*G. O. Shattuck & W. A. Munroe*, for the residuary legatees.