JOHN HERBERT, executor, *vs.* MALVINA J. SIMSON.

Middlesex.   November 10, 1914. — March 8, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Gift.   Corporation,* Transfer of shares.

Independently of St. 1910, c. 171, § 9, which now provides expressly for such a case, the delivery of an unindorsed certificate of shares in the capital stock of a corporation with the intention of making an immediate gift of the shares and the acceptance of the unindorsed certificate by the donee as his property pass to the donee the equitable title to the shares with the right to compel a formal assignment by the donor or by the executor of his will after his death and thereafter a transfer on the books of the corporation.

The provision printed on a certificate of shares in the capital stock of a corporation that the shares are "transferable only on the books of the company" affects only the relation of the shareholder to the corporation and does not affect the rights of a third person having an equitable title to the shares.

BILL IN EQUITY, filed in the Probate Court of the county of Middlesex on November 13, 1911, by the executor of the will of Adeline L. Nickerson for instructions as to the disposition to be made by him of a certificate for ten shares of the preferred stock of the American Agricultural Chemical Company, a corporation established under the laws of the State of Connecticut, held by him as executor and claimed by the defendant as a gift made to her by the testatrix in her lifetime.

The Probate Court made a decree that no gift of the shares of stock had been made to the defendant and that the shares were assets of the estate in the hands of the plaintiff. The defendant appealed.

The appeal was heard by *Loring,* J., who made certain findings of fact which are stated in the opinion, and at the request of the parties reserved the case for determination by the full court upon the findings made by him.

*J. Herbert,* executor, stated the case.

*T. W. Proctor,* for the defendant Malvina J. Simson.

*H. W. Orcutt,* for the defendants Rosetta L. Cook and Rebecca C. Fielding.

DE COURCY, J. It is settled by the finding of the single justice that on the fifth day of December, 1908, for the reasons set forth in the reservation, Mrs. Nickerson undertook to make a gift to Mrs. Simson of ten shares of the preferred stock of the American Agricultural Chemical Company; that pursuant thereto she delivered the unindorsed certificate for the shares to Mrs. Simson, who then accepted it on the terms on which it had been delivered to her. Thereafter it was kept by Mrs. Simson in her trunk in her own room. The question before us is whether the alleged gift was incomplete, and therefore ineffectual, because of the failure on Mrs. Nickerson's part to assign the certificate by signing the form on the back thereof, or by executing some other written instrument.

The charter and by-laws of the corporation contain no provision concerning the transfer of certificates of shares; and no statute of the State of its incorporation has been called to our attention that affects the question. No rights of creditors or other third parties are involved, but only those of donor and donee. It should be added that St. 1910, c. 171, § 9, which provides for such a case as this, was passed after the gift in controversy.

The failure of Mrs. Nickerson to indorse the share certificate was important evidence bearing on the intention with which the delivery was made; but it is settled by the finding of the single justice that she did in fact intend to make a completed gift and irrevocably to renounce dominion and control of the stock, and that Mrs. Simson accepted it as her own property. Nevertheless, without the written assignment Mrs. Simson did not acquire the legal title to the shares, — the ownership in the sense that no further act was required to perfect her right. *Fisher* v. *Essex Bank,* 5 Gray, 373. *Stone* v. *Hackett,* 12 Gray, 227. Note to *Milroy* v. *Lord,* 1 Ames, Cases on Trusts, 149. What she did acquire was, as between herself and the donor, the equitable title to the shares and some legal as well as equitable rights. The gift was complete, and not inchoate; and a court of equity has jurisdiction to compel a formal assignment by the executor of the donor, and a transfer on the books of the corporation.

The general rule is now well established that choses in action, of which the legal or equitable title can pass by delivery, may be the subject of a valid gift. And the delivery of the chose in

action, without formal indorsement or assignment, is sufficient to effectuate the gift where it is the intent and purpose of the donor to transfer the ownership at once. The principle has been applied by this court to the gift of a promissory note, payable to the order of the donor and not indorsed. *Grover* v. *Grover*, 24 Pick. 261. It was held in *Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425, that the delivery of a savings bank book (which is analogous to a stock certificate in many respects), without a written assignment or order, was sufficient to constitute a valid gift. A share of capital stock is property of a peculiar kind. Accurately speaking it does not consist in an interest either legal or equitable in the property of the company. It is personalty although the corporation may own real estate. If not a chose in action it is in the nature of a chose in action. The share certificate is evidence of title, and for some purposes may possess some of the incidents of property. While not negotiable, shares are freely assignable and in this respect resemble negotiable choses in action and tangible property rather than other non-negotiable choses in action. As was said by Rugg, C. J., in *Kennedy* v. *Hodges*, 215 Mass. 112, 115: "Modern commercial usage treats certificates of stock as possessing some of the attributes of property. They are generally bought and sold and pass by delivery when properly indorsed like ordinary chattels." There is nothing in the nature of a share of stock to prevent the passing of the equitable title to the share, as between the donor and donee, by the delivery of the share certificate, where such is the manifest intent of the parties.

The question now before us has not been decided in this Commonwealth, although it arose in *Morse* v. *Meston*, 152 Mass. 5. But in the large majority of cases where it has arisen in other jurisdictions in this country it has been decided that the delivery of the share certificate, with the intention of passing title to the donee at the time but without formal assignment, will constitute a valid gift. *Brown* v. *Crafts*, 98 Maine, 40, 44. *Bond* v. *Bean*, 72 N. H. 444. *Reed* v. *Copeland*, 50 Conn. 472. *Walsh* v. *Sexton*, 55 Barb. 251. *Gilkinson* v. *Third Avenue Railroad*, 47 App. Div. (N. Y.) 472. *Commonwealth* v. *Crompton*, 137 Penn. St. 138. *First National Bank of Richmond* v. *Holland*, 99 Va. 495. *Smith* v. *Meeker*, 153 Iowa, 655. *Leyson* v. *Davis*, 17 Mont. 220; *S. C.* 170 U. S. 36. And see *Burnsville Turnpike Co.* v. *State*, 119

Ind. 382, 385; *Ridden* v. *Thrall,* 125 N. Y. 572; *Talbot* v. *Talbot,* 32 R. I. 72; *Watson* v. *Watson,* 69 Vt. 243; *contra, Matthews* v. *Hoagland,* 3 Dick. 455; *Baltimore Retort & Fire Brick Co.* v. *Mali,* 65 Md. 93.

The injustice of a contrary conclusion is well expressed by Dean Ames in his note to *Milroy* v. *Lord, ubi supra* (p. 156): "Even in jurisdictions where the gift is ineffectual unless the shares, or deposit, are transferred on the books of the company or savings bank, the donor would not be allowed to recover the certificate or bank book after he had once delivered them with the intention of vesting them in the donee. . . . We should have, then, this extraordinary condition of things: the donee unable to transfer the shares or collect the deposit, because the gift is not deemed complete; the donor equally helpless, because he cannot produce the certificate or bank book; the company or bank, on the other hand, in a position capriciously to recognize the donor or the donee as *dominus* of the claim, or, indeed, unless they come to some compromise, to refuse with safety to recognize either."

We are of opinion that the delivery by Mrs. Nickerson to the defendant of the share certificate and its acceptance by the latter constituted a valid gift and vested in the donee the equitable title to the property. The provision printed on the certificate that the shares are "transferable only on the Books of the Company," affects the shareholder's relation to the corporation only, and not her relation to a third party who has become equitably possessed of the stock. See cases cited in Ann. Cas. 1912 C 1235, note.

The decree of the Probate Court is reversed, and a decree is to be entered instructing the executor that the certificate for ten shares of the preferred stock of the American Agricultural Chemical Company is the property of the defendant Malvina J. Simson, and directing him to assign the same to her.

*Ordered accordingly.*