FAIRBANKS, MORSE & COMPANY ET AL. *v.* AMERICAN VALVE & METER COMPANY ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 262.  Returns to rule to show cause submitted February 20, 1928.—Decided March 19, 1928.

1. The Circuit Court of Appeals may decline to reëxamine the evidence on appeal when not condensed and stated as required by Equity Rule 75b. P. 308
2. But where the evidence was stated and approved in accordance with a practice theretofore prevailing in the circuit with the implied sanction of the Circuit Court of Appeals, and where one of the judges of that court had made an order declaring that the transcript was received as a sufficient compliance with the equity rules, it was error to proceed to a determination of the case without considering the evidence before affording the appellants an opportunity to comply with Rule 75b, by remitting the transcript to the District Court for further proceedings in conformity therewith. *Barber Asphalt Co.* v. *Standard Co.*, 275 U. S. 372. P. 308.
3. Such opportunity was not given by an order allowing the appellants to withdraw the transcript for 30 days; they were entitled to a specific order operating as a direction to the District Court. P. 309.

318°—28——20

4. Both parties being at fault through having brought the evidence into the transcript in objectionable form by their express stipulation, and the objection to it having been made by the court of its own motion, each party is left to pay its own costs in that court and this, and counsel fees and expenses are not inflicted on the appellants as in *Barber Asphalt Co.* v. *Standard Co., supra.* P. 310. 18 F. (2d) 716, reversed.

CERTIORARI, 274 U. S. 735, to a decree of the Circuit Court of Appeals, affirming, with modifications, a decree for profits in a patent infringement suit. The Court of Appeals declined to reëxamine the evidence upon the ground that Equity Rule 79b had not been complied with. This Court directed the parties to show cause why the case should not be disposed of in accordance with *Barber Asphalt Co.* v. *Standard Asphalt Co.,* 275 U. S. 372.

*Messrs. Fred L. Chappell, Carroll J. Lord,* and *Howard M. Cox* were on the brief for petitioners.

*Mr. Frank A. Whitely* was on the brief for respondents.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a suit for an injunction against the infringement of letters patent and for an accounting. On the first hearing the suit was dismissed for want of equity; but on appeal that decree was reversed. 249 Fed. 234. Further proceedings resulted in an accounting before a master, who returned the evidence taken by him and reported his findings. Both parties excepted; but the findings were approved and the plaintiffs were given a decree for the profits found by the master, with interest from the close of the infringing period and an allowance for fees paid to expert accountants. The defendants appealed, their principal complaint being that the findings and the decree were not in accord with the evidence. The Circuit

Court of Appeals declined to examine that complaint because the appellants had not complied with the provision in equity rule 75b relating to the condensation and narration of the evidence. The minor complaints were examined and the decree was approved as to the profits and interest and was disapproved as to the allowance for payments made to expert accountants. 18 Fed. (2d) 716.

A writ of certiorari was granted by this Court to enable it to review the ruling respecting the non-observance of the equity rule. A like writ already had been granted in *Barber Asphalt Co.* v. *Standard Asphalt Co.,* where the same Circuit Court of Appeals had made a similar ruling. Our decision in that case was announced recently, 275 U. S. 372; and we then directed the parties in this case to show cause why it should not be disposed of in accordance with that decision. Both parties responded in printed briefs which have been considered.

The pertinent part of equity rule 75b declares: " The evidence to be included in the record shall not be set forth in full, but shall be stated in simple and condensed form, all parts not essential to the decision of the questions presented by the appeal being omitted and the testimony of witnesses being stated only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness. The duty of so condensing and stating the evidence shall rest primarily on the appellant, . . . ." The rule is set forth in full in the opinion in *Barber Asphalt Co.* v. *Standard Asphalt Co.,* and explanation is there made of the reasons for the rule and of the right practice under it.

In that case the appellant had stated the evidence without appreciable condensation or narration and the statement had been approved by the district court. We agreed

with the Circuit Court of Appeals that the statement did not conform to the rule, or to its excepting clause, and that the appellant was not entitled to a reëxamination of the evidence thus wrongly brought into the record. But we held that the situation was one in which that court, upon proper terms, should have remitted the transcript to the district court for the purpose of affording the appellant a further opportunity to conform to the rule. Our reasons for so holding were that in the Seventh Circuit the judges, both circuit and district, commonly had permitted the evidence to be stated without condensation or narration; that the Circuit Court of Appeals had impliedly sanctioned that practice up to the time of its decision in that case; and that to condemn and reject a statement of evidence prepared and approved according to that practice, without according the appellant a further opportunity to conform to the rule, would be so harsh and unseemly as to be an abuse of discretion.

In this case a part of the testimony was stated in condensed and narrative form; but in the main the requirement respecting condensation and narration was wholly neglected. Much that was redundant or to no purpose was included; and document after document was set forth in full where at most there was need for only a part. Plainly what was done was not in conformity with the rule or with its excepting clause. Thus the Circuit Court of Appeals was justified in declining to reëxamine the evidence in the form in which it was stated.

But in our opinion that court, instead of proceeding to determine the case without considering the evidence, should have accorded the appellants a further opportunity to have the evidence rightly brought into the record, and to that end should have remitted the transcript to the district court for further proceedings in conformity with the equity rule. The circumstances surrounding the non-

observance of the rule were substantially identical with those in *Barber Asphalt Co.* v. *Standard Asphalt Co.* In both the evidence was stated and the statement was approved in accordance with the then prevailing practice in that circuit, to which the Circuit Court of Appeals impliedly was giving its sanction. That practice continued up to the time of that court's decision in *Barber Asphalt Co.* v. *Standard Asphalt Co.*, which preceded its decision in this case only a few days. There was in this case the additional circumstance that, when the transcript was filed in the Circuit Court of Appeals, it was brought to the attention of one of the judges of that court, and he then made an order declaring that it was " received as a sufficient compliance with the equity rules." In the other case we directed that a further opportunity be given for complying with the rule, and we think the reasons assigned for that ruling are equally applicable here.

The appellees suggest that the appellants were accorded such an opportunity after the Circuit Court of Appeals gave its decision and that the opportunity was waived. The court did make an order granting a rehearing and giving the appellants leave " to withdraw the transcript " for a period of thirty days. The purpose in giving the leave was not stated, but left to conjecture. Nothing was said about further proceedings in the district court looking to a compliance with the rule or about a remission of the transcript. We think the mere leave to withdraw it was not enough. The fault was not in the transcript but in the proceedings had in the district court whereby the evidence was attempted to be made a part of the record. That court hardly would have regarded the order as requiring it to take up those proceedings anew. The appellants were entitled to a specific order operating as a direction to the district court. Apparently the Circuit Court of Appeals doubted its power in the premises and

for that reason was not disposed to give such an order. We think the suggested waiver has no real basis.

The record does not show whether the rehearing was had, but does show that the court made an order reciting that it adhered to its original opinion and directing that the decree entered thereon be re-entered.

We come then to the terms upon which the appellants should be given further opportunity to get the evidence into the record in accordance with the rule. Of course they should be required to proceed with reasonable dispatch. In *Barber Asphalt Co.* v. *Standard Asphalt Co.,* we directed that the appellant be required to pay a stated sum by way of reimbursing the appellee for counsel fees and expenses incurred in securing the elimination of the irregular and objectionable statement of evidence, and also to pay the costs in the Circuit Court of Appeals and in this Court. There the appellee had objected in the Circuit Court of Appeals at the outset that the rule had not been complied with and therefore that the evidence could not be considered. Here the evidence was brought into the record in the irregular and objectionable form under an express stipulation between the parties to which both adhered up to the time of the decision of the Circuit Court of Appeals. Thus both parties were at fault. In condemning the statement of the evidence the Circuit Court of Appeals acted on its own motion. In these circumstances we think the appellants should not be required to make any payment by way of reimbursing the appellees for counsel fees or expenses, and that each party should be left to pay its costs in this Court and also its costs in the Circuit Court of Appeals up to the time our mandate is carried into effect there.

The decree of the Circuit Court of Appeals is accordingly reversed and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Decree reversed.*