Estate of Michael Diskin.

Argued May 3, 1932. Before TREXLER, P. J., KELLER, GAW-THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Edward J. Gannon* of *Hazlett, Gannon and Walter,* for appellant.

*Frank I. Gosser,* and with him *George W. Richards, Jr.,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1932:

Michael Francis Diskin died testate, November 5, 1930. The balance of the estate for distribution was $7217.12.

Mrs. Bundshuh, the appellee, presented a claim of $2500, based upon an alleged gift by the decedent of postal savings certificates. The learned court below allowed the claim, and this appeal was taken by John J. Diskin, son of the decedent and the sole residuary legatee.

Under the evidence adduced by the claimant, Mr. Diskin became dissatisfied with the conditions existing in the home of his son, John, with whom he had been living, and, as a result, moved in May, 1930, to the home of Mrs. Bundshuh, a friend of his for many years. On August 4, 1930, he produced an envelope containing postal savings certificates of the value of $2500 and handed them to Mrs. Bundshuh, saying, "Lyda, these are postal savings bonds that I am giving to you......I am giving them to you to do with what you please......They are money." He advised her to wait until the first of January when there would

be due two per cent interest on them. Mrs. Bundshuh accepted the gift and retained the envelope without opening it until after Diskin's death. Shortly after making the gift, Diskin consulted with a man by the name of Sunderman in regard to writing a will for him, which was signed on the 15th of August, 1930. Included in his pecuniary bequests, which aggregated $6100, was one of a thousand dollars: "To my benefactor, Mrs. Lyda M. Bundshuh......in appreciation for her many kindnesses shown me during my illness." Diskin told Sunderman that Mrs. Bundshuh had been very kind to him and that he had given her an envelope containing some bonds. Shortly after Diskin's death, Mrs. Bundshuh called upon Sunderman and informed him that John Diskin, executor of his father's will, had made a demand for the return of the package of certificates, and sought his advice. He opened the envelope and found that it contained the postal savings certificates and a note, which read: "I give to my dear friend, Lyda M. Bundshuh these bonds as her own. August 4, 1930. Signed Michal F. Diskin."

The evidence satisfactorily established an unmistakable intention upon the part of the decedent to make a gift to Mrs. Bundshuh. That intention was manifested by delivering the envelope to her, thus relinquishing all his dominion over the certificates, or bonds as they were sometimes termed. When the contents thereof passed from the donor to the donee the gift was completed. His suggestion for her to hold them until January was friendly advice as to what he deemed was her best interest. True, the certificates were marked "non-negotiable-non-transferable," but these restrictions imposed by the government did not affect the title, or right of possession, or validity of the transfer; she was then the owner. "It is now well settled that a valid gift of non-negotiable securities may be made by delivery of them to the donee without assign-

ment or endorsement in writing. This principle has been applied to notes, bonds, stocks, and deposit certificates and life insurance policies ...... While a gift needs no consideration to support it, yet the conditions surrounding the donor and donee are frequently cited to interpret the intention of the parties, and if they are competent to give and competent to receive and the transaction is completed by a voluntary transfer of possession, it is regarded by the law as an executed contract:'' Hafer v. McKelvey, 23 Pa. Superior Ct. 202, 204. See also Com. v. Crompton, 137 Pa. 138; Wise's Est., 182 Pa. 168; Hani v. Germania Ins. Co., 197 Pa. 276; Mothes' Est., 29 Pa. Superior Ct. 462; Herbert v. Simson, 220 Mass. 480, 108 N. E. 65; 28 C. J. 699.

In Connell's Est., 282 Pa. 555, 561, the court, in discussing the essential elements necessary to establish a gift inter vivos, said: ''The act [May 5, 1911, P. L. 126] imposes the duty, upon the one who has equitably assigned his interest in the stock, to make a formal transfer when demanded, and a like duty upon his personal representative, if he dies before having done so,—a mere expression of the common law rule: Boston Safe Deposit Co. v. Adams, 224 Mass. 442, 113 N. E. 277. It does not mean that title fails to pass, as between the parties, when the certificate is actually handed over, the other essential elements of a gift being present: Reinhard v. Roby Co., 179 N. Y. Supp. 781. If the stock was given with the intention to divest title, as the court has here found, then the one in whose name it stood at that time was precluded from further claim of ownership.''

If the donee was confronted by any difficulty in receiving the cash value of the certificates, that was a matter to be solved by Mrs. Bundshuh. She was entitled to whatever value they possessed in her hands: Basket v. Haskell, 107 U. S. 202, 27 L. Ed. 500. This

is not a serious matter, however, for after the death of the decedent, his son, John, called upon Mrs. Bundshuh and requested delivery of the certificates to him as executor. She gave possession of them to him upon receiving a written receipt that they were delivered so that they could be collected; Mrs. Bundshuh did not thereby relinquish her claim. The statement made by the learned court below that the proceeds of the postal certificates were paid to the executor and accounted for was alleged by the appellant to be inaccurate, but there seems to be justification for that conclusion, for his account, as well as the schedule of distribution, indicates that this alleged asset was treated as cash.

The appellant attacks the genuineness of the decedent's signature to the note accompanying the certificates, but there was ample evidence to support the conclusion of the court that it was authentic. He further argues as to the improbability of the decedent's making a gift of such a considerable portion of his estate to Mrs. Bundshuh in whose home he remained but a short period of time, and that her delay in opening the envelope containing the certificates tended strongly to indicate that a valid gift was not made. Those were matters of fact for the lower court's determination and are not for consideration by an appellate court in view of the sufficiency of the testimony to support the conclusions reached. Our duty is confined to determining whether the application of the legal principles to the facts is correct.

As we find no error, decree is affirmed.