**Otis E. Blair, Administrator of Estate of Mary Kirchner, Deceased, Appellant, v. Frank Kirchner and Mae Kirchner, Appellees.**

**Gen. No. 9,383.**

Opinion filed May 27, 1943.

C. G. Colburn, of Virginia, Ill., for appellant.

R. L. Northcutt, of Beardstown, for appellees.

Mr. Justice Dady delivered the opinion of the court.

Plaintiff, as administrator of the estate of Mary Kirchner, deceased, filed a petition in the county court of Cass county for a citation against the defendants, Frank Kirchner and Mae Kirchner, to recover from them the possession of certain United States Postal Savings Certificates in the principal amount of $2,200 alleged in said petition to belong to the estate, which certificates defendants claimed to own by a gift *causa mortis* thereof.

It was stipulated on the trial that the certificates were delivered under such circumstances as to constitute a valid and complete gift *causa mortis* provided that such certificates could be made the subject of a gift *causa mortis*. The certificates were manually delivered without indorsement.

The county court ordered that the certificates be delivered to the plaintiff. On appeal the circuit court found the defendants to be the owners of the certificates and dismissed the petition. Plaintiff has perfected this appeal.

The only question for us to decide is whether the certificates which were given to the defendants by the decedent could be the subject of a gift *causa mortis*.

The certificates, issued in 1937 and 1938, each bore the name of the decedent as depositor and, so far as is material, had on the face thereof the following language:

"Not Transferable
Not Negotiable

This certifies that the sum of ——— Hundred Dollars has been deposited with the Postal Savings System and will be payable to the Depos-

itor at the above named Depository Office with interest at the rate of two per cent per annum payable annually on the presentation of this certificate properly indorsed.''

Plaintiff contends such certificates constituted a contract exclusively between the Government, and the decedent as the depositor named in the certificates, and that defendants could not acquire the depositor's rights to secure payment from the Government because the certificates themselves provided that they were not transferable and not negotiable.

As a general rule, every species of personal property capable of delivery, either constructive or actual, may be the subject of a gift *causa mortis* (28 C. J. page 696, par. 114). It is generally recognized that choses in action, including negotiable notes, may be the subject of a valid gift, without indorsement or assignment (*Rothwell v. Taylor,* 303 Ill. 226; *Simpson v. Heberlein,* 259 Ill. App. 579). The rule applies equally to non-negotiable choses in action, and to such non-negotiable choses in action as a savings bank book (*In re Estates of Antkowski,* 286 Ill. App. 184; *Chicago Savings Bank & Trust Co. v. Cohn,* 197 Ill. App. 326), unindorsed stock certificates which state on their face they are transferable only on the books of the corporation (*Herbert v. Simson,* 220 Mass. 480, 108 N. E. 65), and an insurance policy (*Shannahan v. Shannahan,* 127 Fla. 718, 173 So. 902).

The fact that a promissory note has on its face the words ''This note is not negotiable,'' does not prevent the note being assigned. In such a case the assignees may recover on the indebtedness, subject to equities between the maker and payee (See *Prins v. South Branch Lumber Co.,* 20 Ill. App. 236).

We do not consider that the fact that the postal certificates in question were non-negotiable by their terms interfered in any way with their being made the subject of a valid gift.

The next question is whether the use of the words "not transferable" places the certificates out of the class of personal property which may be the proper subject of a gift *causa mortis* by delivery.

We have not been referred to any Illinois case in which the court has considered the effect of the words "not transferable" upon the rights of a donee of postal savings certificates. However, in the case of *Weber v. Rosenheim,* 37 Ill. App. 72, the court had before it a note with the words "This note is not transferable" written on the back of the note. Suit was brought by an assignee for value and the defense was made that the note could not be assigned. The court held that the assignee might sue thereon and that the effect of the words was merely to subject the assignee to any equities existing between the original parties. Although this case involved an assignment for value and not a gift, we see no distinction in the result. From the ruling in such case the legal meaning of the words "not transferable" would appear to be the same as the words "not negotiable," and, as we have already stated, the owner of a non-negotiable chose in action may transfer his title by way of gift by delivery alone.

We do not think that the situation in the case at bar differs in principle from that presented by a gift of stock certificates which provide on their face that no transfer of the certificates shall be effective unless registered on the books of the company. In this situation it has been held that as between the parties a gift may be made of such certificates by delivery and be effective irrespective of the provision as to transfer contained in the certificate. (*Talbot v. Talbot,* 32 R. I. 72, 78 Atl. 535; *Herbert v. Simson, supra.*) An *inter vivos* gift of corporate stock by delivery without indorsement or assignment of the certificates was upheld in *In re Estates of Antkowski, supra,* although under the express provisions of the Uniform Stock Transfer

Act (Ill. Rev. Stat. 1941, ch. 32, par. 416–439 [Jones Ill. Stats. Ann. 32.195–32.219]) title to certificates and the shares represented thereby can be transferred *only* in the manner indicated, and the act contains no provision for the transfer of title by delivery only.

There are cases from other jurisdictions in which the courts have considered the precise question before us and have held that postal savings certificates may be the subject of a valid gift by delivery.

In the case of *Williams v. Letton*, 228 Ky. 371, 15 S. W. (2d) 296, certain postal savings certificates had been delivered as a gift *causa mortis* and in upholding such a gift the court said "Under the modern rule, any chose in action which creates a liability against a third person, and which is held by the donor and is his property, either legal or equitable, is the subject of a valid gift *causa mortis* by mere delivery. (28 C. J. 699; *Stephenson's Adm'r. v. King*, 81 Ky. Law Rep. 330), and we perceive no reason why the rule does not apply to postal savings certificates."

A similar gift was upheld in *Dietzen v. American Trust & Banking Co.*, 175 Tenn. 49, 131 S. W. (2d) 69, and it was that court's conclusion that no federal statute or regulation placed any prohibition upon the transfer by gift *causa mortis* of postal savings certificates.

The same question was considered by the court in *In re Diskin's Estate*, 105 Pa. Sup. 519, 161 Atl. 893, in connection with a gift *inter vivos* and in upholding the validity of such a gift the court said: "True the certificates were marked 'non-negotiable—non-transferable,' but these restrictions imposed by the government did not affect the title, or right of possession, or validity of the transfer. . . . If the donee was confronted by any difficulty in receiving the cash value of the certificates, that was a matter to be solved by Mrs. Bundshuh (the donee). She was entitled to whatever value they possessed in her hands. (*Basket v. Hassell*, 107 U. S. 602)"

The case chiefly relied on by plaintiff to defeat the gift made to defendants is *In re Estate of Wallace,* 266 Ill. App. 500. In that case the court held that the United States Treasury Certificates there involved could not be the subject of a gift *inter vivos.* Such treasury certificates contained the wording ''This certificate is not transferable,'' followed by this language ''and is payable only to the owner except in case of death or disability of such owner and in such case is payable as provided in regulations prescribed by the Secretary of Treasury.'' In arriving at the conclusion that such certificates could not be made the subject of a gift, the court considered a number of cases in which it was held that the Government had the right to limit its obligation to pay only the person named in the certificate upon compliance with the provisions stated in such certificate and the regulations adopted by the Secretary of the Treasury. In none of the cases there cited was any question raised as to the validity of a gift of treasury certificates between a donor and donee. We do not think that the question of the right of the Government to enforce such provisions and regulations as to payment is before us in the present case where the controversy is between the immediate parties to the gift, or their representatives, and no attempt is being made to enforce the gift as against the Government. In this connection we believe that the statement made by the court in *In re Diskin's Estate, supra,* is applicable that ''if the donee was confronted by any difficulty in receiving the cash value of the certificates that was a matter to be solved by the donee.''

By stipulation the judge of the circuit court wrote the Postmaster General asking the following two questions:

''1. Does the Division of Postal Savings System recognize a gift *causa mortis* of postal savings certificates?

"2. If a valid gift *causa mortis* of postal savings certificates is established will the Division of Federal Savings System pay the amount represented by the certificates to the donee of the same?"

In reply the Postmaster General wrote such judge that the Department would

"Recognize a decree of judicial determination issued out of a court of competent jurisdiction, adjudicating the funds represented by the postal savings certificates of a deceased depositor to be a gift *causa mortis,* provided . . . no appeal therefrom has been taken and that the time for taking such an appeal has expired. (39 USCA 767.) In the absence of such a decree the funds on deposit in a postal savings account, as a part of the assets of the depositor's estate, may be disposed of in the same manner as any other assets of an estate.

"On the receipt in this office of a duly authenticated copy of the decree of judicial determination, payment of the postal savings account may be authorized to the donee named therein."

By stipulation the answer of the Postmaster General was received and considered by the trial court as evidence.

We have examined the federal statute applying to postal savings and the Postal Laws and Regulations and both the statute and the Regulations contain this provision:

"The final judgment, order, or decree of any court of competent jurisdiction adjudicating any right or interest in the credit of any sums deposited by any person with a postal savings depository if the same shall not have been appealed from and the time for appeal has expired shall, . . . be accepted and pursued by the Board of Trustees as conclusive of the title, right, interest, or possession so adjudicated, and any payment of said sum in accordance with such order, judgment, or decree shall operate as a full and

complete discharge of the United States from the claim or demand of any person or persons to the same." (39 USCA, ch. 20, sec. 767; Postal Laws and Regulations, 1940, par. 1624.)

From the foregoing it appears that the federal statute and the postal regulations affecting postal certificates, do not present any bar to the eventual recovery by the defendants on the certificates given to them by the decedent.

It is our opinion the certificates were the proper subject of a gift *causa mortis*. The judgment of the circuit court in upholding such gift is accordingly affirmed.

*Judgment affirmed.*