**JAMES J. MARSHALL, as Executor of the Estate of Robert Marshall, Deceased, v. ELIZABETH FELKER.**

23 So. (2nd) 555                                    June Term, 1945
October 23, 1945                                    Division B

*James J. Marshall,* for appellant.

*Ella Jo Stollberg,* for appellee.

SEBRING, J.:

Robert Marshall, who died testate on October 26, 1943, was the owner of certain United States postal savings certificates and a war savings bond. Elizabeth Felker, the appellee, was in possession of these instruments at the time Marshall died, claiming that Marshall had given them to her as a gift shortly prior to his death. She also claimed that the estate of Marshall was justly indebted to her for certain services rendered and expenses incurred by her on behalf of Marshall during his last illness. Both claims were controverted by the executor of the estate. Accordingly, Mrs. Felker brought suit against the executor to establish ownership of the securities, and to recover for the alleged services rendered and expenses incurred. After final hearing the chancellor entered a decree finding that the securities were the property of Mrs. Felker by parol gift inter vivos, and that the claim for services rendered and expenses incurred during the last illness of the decedent should be allowed. The executor has appealed from the decree.

The postal savings certificates and savings bond in question are marked, respectively, "not negotiable and not transferable" and "not transferable." They were duly issued by the Post Office Department, and the Treasury Department, of the United States under rules and regulations promulgated by each of said departments for the issuance of such instruments. The applicable rules and regulations of the Post Office Department are as follows: "Postal-savings deposits shall be evidenced by nontransferable and nonnegotiable certificates of deposit . . . " Sec. 1608. "A depositor may not

designate a beneficiary to receive payment except through the formality of a will, and payment shall be made only to the person or persons authorized . . . " Sec. 1620(3). "The final judgment, order, or decree of any court of competent jurisdiction adjudicating any right or interest in the credit of any sums deposited by any person with a postal savings depository . . . shall, upon submission to the Postmaster General of a copy of the same, duly authenticated . . . be accepted and pursued by the board of trustees as conclusive of the title, right, interest, or possession so adjudicated, and any payment of said sum in accordance with such order, judgment, or decree shall operate as a full and complete discharge of the United States from ·the claim or demand of any person or persons to the same." Sec. 1624. See Postal Laws and Regulations of the United States of America, Edition of 1940, pp. 628, 650, 659. The regulations of the Treasury Department under which the savings bond was issued provide: "United States Savings Bonds are not transferable and are payable only to the owners' named thereon except in case of the disability or death of the owner or as otherwise specifically provided herein, but in any event only in accordance with the provisions of these regulations . . . " Sec. 315.8. "A creditor of the owner of a savings bond may secure payment thereof to the extent of the owner's interest, or to the extent of the creditor's claim, whichever is smaller, through valid judicial proceedings: *Provided, however,* That no such proceedings will be recognized if they would give effect to an attempted voluntary transfer inter vivos of the bond . . . " Sec. 315.51. See Department Circular No. 530, Fifth Revision, dated June 1, 1942, Regulations Governing United States Savings Bonds, Treasury Department, United States of America.

The appellant concedes in his argument and briefs that under the rules and regulations quoted the securities involved in the case at bar are transferable causa mortis. He contends, however, that such securities may not be the subject of a gift inter vivos.

It is the general rule that every species of personal property of which the legal equitable title can pass by de-

livery, actual or constructive, may be the subject of a valid gift, either inter vivos or causa mortis. 28 C.J., Gifts Secs. 38, 39, 114; 38 C.J.S., Gifts Secs. 30, 31, 90; 24 Am. Jur., Gifts Sec. 66. The rule applies to "nonnegotiable" or "non-transferable" postal savings certificates and savings bonds issued by the federal government so long as the federal statutes, rules and regulations under which they are issued contain no express prohibition against the transfer of such instruments by gift. In re Diskins Estate, 105 Pa. Super. 519, 161 A. 893; In re Vanicek's Estate, (Neb.) 17 N.W. (2nd) 477; Blair v. Kirchner, 319 Ill. App. 348, 49 N.E. (2nd) 292; Dietzen v. American Trust & Banking Co., 175 Tenn. 49, 131 S.W. (2nd) 69.

We find nothing in any of the rules or regulations brought to our attention which will prevent an inter vivos gift of the securities in question. Indeed, section 1624 of the Postal Laws and Regulations seems to be clear to the effect that if the rights and interests of a donee beneficiary in postal savings certificates have been adjudicated by a court of competent jurisdiction payment will be made by the United States Post Office Department upon production of a judgment or decree containing such adjudication. And though section 315.51 of the Regulations governing the issuance of United States savings bonds provides that no judicial proceedings will be recognized "if they would give effect to an attempted voluntary transfer inter vivos of the bond" we do not construe this provision as making unlawful such transfer, as between a donor and donee. Whether the quoted provision would become material in a controversy between the donee and the government is a question not before us, this being a suit between the donee and the executor of the decedent. Moreover, the fact that the donee may experience some difficulty in procuring the proceeds of the securities when they are presented to the issuing agency for payment is also outside the issue. But whatever the outcome of her controversy with the federal government may be when the bond is presented for reissue or payment, it is clear to us that as against the executor of the decedent she may acquire the bond by gift

inter vivos, and with it whatever value it may possess in her hands. See In re Diskin's Estate, supra; Blair v. Kirchner, supra.

The next contention of the appellant is that even assuming that the securities may be subject of a valid gift inter vivos, the appellee has not proven the fact that a gift was made. We connot agree with this contention. At the trial such proof as was offered was adduced by the plaintiff; the executor offering none in refutation. The only question on the evidence, therefore, was as to the sufficiency, not as to the weight, of the evidence to prove the transaction. Succinctly stated, the uncontradicted testimony is that Robert Marshall and Elizabeth Felker had been close friends of long years' standing. During his last illness she nursed and tended him at his home where he lived alone, until such time, as, his condition becoming critical, she removed him to her own home where she could give him closer and more constant attention. Shortly prior to his death Marshall had divulged to a friend how very grateful he was to Mrs. Felker for the care she had bestowed upon him; and that he had given her certain postal savings certificates and bonds, of the value of the securities here involved. After the death of Marshall the postal savings certificates and the bonds were found in the possession of Mrs. Felker, who laid claim to them as a gift from Marshall. This is the substance of the testimony offered at the hearing by the plaintiff. Inasmuch as there was no testimony to the contrary, or suggestion of fraud or other circumstances which might tend to discredit the testimony of the witnesses, we think that the fact that the securities were found in Mrs. Felker's possession under claim of ownership, together with the statement of the decedent as to what he had done with them, established the issue of a legal delivery of the securities prior to the death of Marshall with present intention to consummate the gift. See Stigletts v. McDonald, 135 Fla. 385, 186 So. 233.

The remaining question before us is as to the sufficiency of proof to sustain the claim filed by Mrs. Felker in the County Judge's Court for services rendered the decedent, and

expensés incurred by her on his behalf during his last illness. The items listed in the claim are for nursing, food, rent, travel expenses, and damages to a studio couch and mattress alleged to have been ruined by decedent during his last illness. Virtually all of these expense items were allowed by the court below. We find no competent evidence to support the claim except as to the mattress ruined by the decedent. As to this item, the uncontradicted evidence is that it was completely ruined and that it had a value of $79.00. This item, therefore, must be allowed, but all other items claimed must be rejected for lack of proof.

The decree appealed from is affirmed in part and reversed in part, with directions that a decree be entered in accordance with this opinion.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.