Mavtmtt.tan' Moss, S.
This is a motion by the sole distributee of decedent’s estate to strike out respondent’s objections interposed to .the Public Administrator’s account as being insufficient in law. Respondent alleges that on pr about August 1, 1959 decedent gave her eight United States Government Savings Bonds as a gift. At the time of decedent’s death on April 25, 1960 the bonds were registered in decedent’s name only and were in respondent’s possession. On or about July 13, 1960 respondent turned said bonds over to the Public Administrator for “safekeeping” pending final administration of decedent’s estate. On or about June 12,1961 the Public Administrator filed his account wherein respondent’s claim to the bonds or the proceeds thereof was rejected. The account of proceedings shows that the Public Administrator surrendered the bonds and received the proceeds thereof from the Treasury Department.
The movant contends that assuming the allegations with respect to the alleged gift of the bonds are true, they are insuffi *689 cient in law to constitute a valid gift inasmuch as under United States Treasury Department Circular No. 530, sections 315.15 and 315.20, the bonds described in respondent’s objections are not transferable or assignable, and that the purported gift to respondent was ineffectual to transfer title.
The Treasury Regulations shown in Department Circular No. 530, Eighth Revision, dated December 26, 1957, subpart D — section 315.15 provide as follows: ‘ ‘ Limitation of transfer or pledge. Savings bonds are not transferable and are payable only to the owners named thereon, except as specifically provided in these regulations in this part and then only in the manner and to the extent so provided. A savings bond may not be hypothecated, pledged as collateral, or used as security for the performance of an obligation, except as provided in § 315.16.” (Code of Fed. Reg., tit. 31, § 315.15.)
It is evident that the regulation does not place a blanket prohibition against transfers since it provides for exceptions permitting transfers when accomplished in accordance with Treasury Regulations.
Movant relies on section 315.20, subpart E, of the regulations in support of her motion to dismiss the objections to the account, which section provides as follows:
“ § 315.20 General, (a) No judicial determination will be recognized which would give effect to an attempted voluntary transfer inter vivos of a bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving coowner or beneficiary, and all other provisions of this subpart are subject to this restriction. Otherwise, a claim against an owner or coowner of a savings bond and conflicting claims as to ownership of, or interest in, such bond as between coowners or between the registered owner and beneficiary will be recognized, when established by valid judicial proceedings, upon presentation and surrender of the bond, but only as specificially provided in this subpart.
“ (b) Neither the Treasury Department nor any agency for the issue, reissue, or redemption of savings bonds will accept notices of adverse claims or of pending judicial proceedings or undertake to protect the interests of litigants who do not have possession of a bond.” (Code of Fed. Reg., tit. 31, § 315.20.)
The court does not consider that the above two sections relied upon by movant are alone conclusive of the issue presented upon this motion. The following additional sections must be considered.
Section 315.5 relative to registration provides in part that the form of registration used must express the actual ownership of *690 an interest in the ¡bond and, “ except as otherwise specifically provided in Subpart E * * * will be considered as conclusive of such ownership and interest.-” Subdivision (b) of section 315.-22 thereof, provides: “ A bond belonging solely to one person will be paid or reissued on .the request of the person found by a court to be entitled thereto by reason of a gift causa mortis' by the sole .owner.” (Uqde of Fed. Beg., tit .81, § 315.22, subd. [b]; emphasis supplied..)
Subdivision ,(.b) of section 315.70 provides that in the course of administration of decedent’s estate in court, the bonds of an .owner who is not ■survived by a co-owner or a designated beneficiary will be paid to the duly .qualified representative of the estate “ or will be reissued in the names of the persons entitled to share in the estate, upon the request of the representative ”. (Code of Fed. Beg., tit. 31, § 315.70, subd. [b].)
Subdivision (c) of said section further provides that if the estate of the decedent ‘1 has .been settled in court, the bond will be paid to, or reissued in the name of the person entitled thereto as determined by the court.” (Emphasis supplied.)
The Treasury Department has consistently maintained that the purpose of these regulations is tp .establish the right of survivorship (Free v. Bland, 369 U. S. 663).
The United States Court of Appeals in Silverman v. McGinness (259 F. 2d 731) held that while the Treasury Begulations have the force of law, they dp not apply to individual rights of persons who under the State law of property have become equitably entitled to the proceeds. At page 734 the court said: “ We think the preferable view is the "conclusion that as between the decedent’s executor and the persons to whom the decedent made the .gift, complete except for going through the process of having the bonds reissued, the right of the donees is clear. The transaction is equivalent to an express trust declared by the decedent eyen though trust terms were not used.” Other authorities which have recognized the validity of an inter vivos gift of savings bonds are the following: Henderson’s Administrator v. Bewley (264 S. W. 2d 680 [Ky.]); Matter of Hendrickson (156 Neb. 463); Matter of Diskin (105 Pa. Super. Ct. 519); Marshall v. Felker (156 Fla. 476); Hausfelder v. Security-First Nat. Bank (77 Cal. App. 2d 478).
Nowhere in the regulations is there any language which prohibits a sole owner of a bond to make a valid gift inter vivos or otherwise. A gift inter vivos may therefore be made by the sole owner of savings bonds and if the donee proves a valid gift thereof the court may determine ownership thereof which.must be recognized by the Treasury Department. The various see *691 tions of the regulations are related and are to he read together. It is evident from the Treasury Regulations that where bonds are registered solely in the name of one person with no right of survivorship, the Treasury Department will recognize judicial determinations as to who is entitled to payment or the reissue of the bonds upon the owner’s death.
Although the bonds were turned over to the Public Administrator, the Surrogate’s Court may under its equitable powers compel the donor’s representative to produce the subject of the gift or pay over the proceeds of securities or savings bonds, as the case may be, to the donee (Grymes v. Home, 49 N. Y. 17, 23; Williams v. Guile, 117 N. Y. 343, 349; Matter of Borchardt, 179 Misc. 456, 458; Surrogate’s Ct. Act, § 40). The motion to dismiss the objections as a matter of law is denied.