NELLIE A. BRIGGS, administratrix, *vs.* JOHN LEONARD.

Plymouth.    October 18, 1927. — November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Gift*, Inter vivos.  *Evidence*, Of gifts.  *Practice, Civil*, Ordering verdict.

At the trial of an action by an administratrix of the estate of a woman against a brother of the intestate for money alleged to have been lent by the intestate to the defendant, there was evidence that the intestate had advanced the money to the defendant for the purchase of a house, taking no writing nor evidence of indebtedness; that several times orally the intestate had expressed a wish that the defendant keep the money, "saying that the money was his, that she made no further claim to it, and that all that she wanted him to do was to erect a monument and to pay her burial expenses"; and that three months before her death the intestate had written a letter to the defendant to the same effect.  The judge ordered a verdict for the plaintiff.  *Held*, that

(1) The verdict should not have been ordered for the plaintiff;

(2) There was evidence that the intestate orally, in plain and unequivocal language, made to the defendant an absolute and perfected gift of the sums previously advanced to him;

(3) No question of delivery arose as the money already was in the defendant's possession;

(4) No writing was required to make the gift valid.

CONTRACT for money lent.  Writ dated December 23, 1924.

In the Superior Court, the action was tried before *Macleod*, J.  The instrument marked "A," referred to in the opinion, was as follows:

"May 19, 1924.

"Dear brother John:

Since sister Nellie A. Briggs and I had the quarrel in the store that Sunday afternoon when she sent down her husband to your house to have you come up to the store to make peace between us and when she hurted me in the ribs and tore my waist I have never felt the same in my health.  So in case death should occur to me within or abroad you may have

the $2,400 which you have belonging to me as a present under the circumstances that you are to bury me in a decent and respectful way and place upon my grave a nice monument. And the balance that is left remains to be yours likewise you are entitled to your share in my estate. I hope that Mrs. Nellie A. Briggs now will never beat you like she often did to me. It is two funny sisters that I have that haven't spoken to me for several months but all the time passing remarks on me.

"From your sister Hannah J. Leonard to brother John Leonard."

Other material evidence is stated in the opinion. By order of the judge, the jury found for the plaintiff in the sum of $1,617. The defendant alleged exceptions, the parties having stipulated as stated in the opinion.

*J. J. Geogan,* for the defendant.

*J. E. Handrahan,* for the plaintiff.

CROSBY, J. The plaintiff brings this action as administratrix of the estate of her sister, Hannah J. Leonard, to collect amounts alleged to have been lent by the intestate to the defendant, who was her brother. The defendant relies upon a gift to him by the intestate of the amounts involved. At the close of the evidence the presiding judge, upon a motion filed by the plaintiff, directed a verdict in her favor. The defendant excepted to this direction, and also to the refusal by the judge to make certain rulings requested by him.

It is recited in the exceptions that "In addition to the evidence the following agreement and stipulation was entered into by the parties after a request was made by the defendant for the court to instruct the jury that there was evidence that should be presented for their consideration of a perfected gift,— that if upon all the evidence in the case, both documentary and oral, there was no evidence to be considered by the jury on the question of a perfected gift, then there may be a verdict for the plaintiff in the sum of Sixteen hundred seventeen ($1,617) Dollars,— otherwise, judgment to be entered for the defendant. Such stipulation being made upon the agreed statement that the same was entered

into in behalf of the defendant without waiving his excep-
tions or requests for rulings, and more particularly to that
request whereby the defendant asked the court to instruct
the jury that there was evidence for their consideration of a
perfected gift."

The defendant testified, and offered other evidence tending
to show, that in 1915 he talked with the intestate respecting
the purchasing of a home and that she offered to give the
money for that purpose, and in that year gave him $400
without taking any writing or security therefor; that in 1917,
having a mortgage on his property which the bank holding
it desired paid, his sister gave him $2,000; that no writing
or other form of indebtedness was then taken by her; that
he never paid any interest on the sums so given him; that
while she was on a visit at his house in May, 1924, she ex-
pressed a wish that he keep the money; that she made no
claim to it and thereafter she handed him the written in-
strument marked "A."

The defendant further testified that, on two or three oc-
casions subsequent to the delivery of the written instrument,
the intestate told him "that she was angry with her two
sisters, that they had treated her badly, that she wanted the
defendant to keep the $2,400 which he had, and that she
wanted him to. erect a suitable monument over her grave
and to pay her funeral bills at the time of her death"; that
"upon several other occasions she expressed in similar lan-
guage the same thing, saying that the money was his, that
she made no further claim to it, and that all that she wanted
him to do was to erect a monument and to pay her burial
expenses."    The defendant's wife in substance corroborated
his testimony above recited.

It was admitted that after his sister's death on August 19,
1924, he paid her funeral expenses and erected a suitable
monument; that he purchased in his own name a lot in the
cemetery for that purpose, expending over $800 in carrying
out her request.

The plaintiff offered evidence tending to show that the
sums paid to the defendant were not in the nature of a gift,
but were lent to him by his sister.

Upon this state of the evidence it is manifest that a verdict could not rightly have been directed for the plaintiff. A question of fact upon all the evidence was presented for the determination of the jury. It is unnecessary to consider whether the writing marked "A" was of a testamentary character and for that reason invalid, because there was evidence from which it could have been found that on several occasions subsequent thereto the intestate orally in plain and unequivocal language, made to the defendant an absolute and perfected gift of the sums previously advanced to him. This evidence, if believed, was sufficient to warrant a finding that nothing remained to be done by her to complete the gift. No question of delivery arises as the money was already in the defendant's possession. It also appears that he has carried out her request that he pay her funeral expenses and erect a suitable monument at her grave. No writing was required to make the gift valid. It was said in *Mangan* .v. . *Howard,* 238 Mass. 1, at page 5: "It is settled· in this Commonwealth that an unregistered bond, a bill of exchange, a promissory note, a policy of life insurance or a savings bank book, without an assignment, like a chattel may be the subject of a legal gift *inter vivos* or *mortis causa.* . It is also settled that evidences of debt, as distinguished from the debt itself, that is, chose in action without writing, may be the subject of a valid gift and as such constitute an equitable assignment of the debt or other obligation." *Grover* v. *Grover,* 24 Pick. 261. *Bone* v. *Holmes,* 195 Mass. 495. *Herrick* v. *Dennett,* 203 Mass. 17. *Herbert* v. *Simson,* 220 Mass. 480.

The question, whether there was a completed gift was a question of fact and it should have been submitted to the jury with appropriate instructions. The exception to the order directing a verdict for the plaintiff must be sustained. The other exceptions to the refusal of the judge to rule as requested by the defendant need not be considered.

In accordance with the stipulation embodied in the record, judgment is to be entered for the defendant.

*So ordered.*