FRANCIS J. ROBINSON, administrator, *vs.* JOHN M. PERO.

Middlesex.      March 5, 1930. — September 11, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice*, Appeal; Master: findings of fact. *Gift.*

An administrator brought a petition in a probate court to recover certain bonds which, he alleged, belonged to the estate of his intestate. The respondent contended that the bonds had been given to him by the deceased in his lifetime. The petition was referred to a master who found certain facts which, he stated in his report, furnished "a basis on which to rest . . . [his] conclusions." The master further stated in the report that there had not been a valid gift *inter vivos.* The respondent filed objections to the report which were treated as exceptions. The judge of probate, without dealing specifically with such objections, stated that he ruled that there was a valid gift *inter vivos;* and by his order there were entered an interlocutory decree confirming the report as modified, and a final decree dismissing the petition. Upon appeal by the petitioner, it was *held,* that

(1) The statement by the judge was not only a ruling of law, but also involved an inference of fact drawn from the other facts found by the master;

(2) The statement by the master, that there was no valid gift *inter vivos,* must be construed as an inference from the other facts found; and therefore it was the duty of the judge to draw a proper inference unaffected by the inference so drawn by the master;

(3) It was the duty of this court to draw a proper inference from the facts found unaffected either by the inference drawn by the master or by that drawn by the judge.

The master in the proceedings above described found that the deceased had a wife and three sisters, one of whom was the mother of the re-

spondent; that the respondent lived with his mother and one of his aunts in a house which the deceased had conveyed to him under an arrangement whereby he was to continue to pay rent to the deceased; that the respondent had been the chief support of his mother and aunts, without assistance from the deceased, who, nevertheless, had expressed his appreciation of the respondent's conduct in this respect; that the deceased had prepared, but had not executed, a will in which a trust was created for his sisters and gifts made to the respondent, with the recital that the deceased had been "generous" to the respondent "because of his loving care for my sisters, and because I have faith that he will help my relatives in time of distress or need"; that, shortly before his death, the deceased had delivered the bonds to the respondent, saying, "I want to make you this gift, I have been thinking over this some time and I want to make you a present, this will help you out if you have trouble with the . . . house, this is between you and me and nobody need know anything about it, say nothing"; that the deceased at that time detached coupons due and some to become due with the intention of applying them to his own use; and that the deceased never told his wife that he had made the conveyance of the house or delivered the bonds. *Held,* that

(1) The delivery of the bonds to the respondent effected a transfer of title to him if the delivery was made by the deceased with the intention of making a present gift;

(2) The retention of the coupons by the deceased did not prevent an inference that such was his intention;

(3) The proper inference to be drawn from the facts found by the master was that the deceased had such intention and that there was a valid present gift of the bonds to the respondent.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on April 6, 1928, and described in the opinion.

The petition was referred to a master. Material facts found by the master, objections by the respondent and an interlocutory decree and a final decree entered by order of *Leggat,* J., are described in the opinion. The petitioner appealed from both decrees.

The case was submitted on briefs.

*W. A. Bellamy & F. E. Knowles,* for the plaintiff.

*D. J. O'Connell,* for the defendant.

FIELD, J. This is a petition in equity brought in the Probate Court by the administrator of the estate of George Eatough, who died January 4, 1928, to recover certain coupon bonds alleged to belong to the estate, which the respondent contends were given to him by said Eatough in

his lifetime. *Mitchell* v. *Weaver*, 242 Mass. 331. The master to whom the case was referred found subsidiary facts and found further that "the transactions of Eatough with . . . [the respondent] did not constitute a valid gift *inter vivos.*" The respondent filed objections. The judge filed a so called "Memorandum of Decision" (see *Commonwealth* v. *O'Neil,* 233 Mass. 535, 543) as follows: "Upon the master's report of facts found, I rule that there was a valid gift *inter vivos.* The objections were treated as exceptions under the rule. An order confirming the master's report may be entered except as above modified, and a decree dismissing the petition may be entered." The exceptions were not dealt with specifically, but an order, in the nature of an interlocutory decree, confirming the report as modified, and a final decree dismissing the petition were entered. See *Druker* v. *Druker,* 268 Mass. 334, 342. The petitioner appealed.

The conclusion of the judge that "Upon the . . . facts found . . . there was a valid gift *inter vivos*" was not merely a ruling upon the legal effect of the facts found, but involved inferences of fact. See *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 581; *Briggs* v. *Leonard,* 261 Mass. 381, 384. It "was open to him to decide that what the report set out required a different finding of fact." *Robert* v. *Perron,* 269 Mass. 537, 540, 541. As we construe the master's finding that there was not a valid gift *inter vivos,* it was inferred from other facts found. He states, in substance, that his subsidiary findings, set out in the report, "furnish a basis on which to rest . . . [his] conclusions." Consequently, it was the duty of the judge to draw proper inferences from the findings unaffected by the conclusions of the master, and it is our duty to draw such inferences unaffected by the conclusions of the master or those of the judge. *Nichols* v. *Atherton,* 250 Mass. 215, 217. *Barrows* v. *Fuller,* 253 Mass. 79, 83.

We think that there was a valid gift *inter vivos.* The deceased in the "last part of November, or first of December 1927," handed some of the bonds in question to the respondent and "in the latter part of December 1927," the

others, and thereafter the respondent retained possession of them. Transfer of title to the bonds was thereby effected if they were delivered to the respondent by the deceased with the intention on his part of making a present gift of them. *Bone* v. *Holmes,* 195 Mass. 495. *Mangan* v. *Howard,* 238 Mass. 1. The master found, by inference from other facts found by him, that there was no such intention. He found, however, that on the occasion of the first delivery of bonds the deceased said to the respondent, "I want to make you this gift, I have been thinking over this some time and I want to make you a present, this will help you out if you have trouble with the Randolph house, this is between you and me and nobody need know anything about it, say nothing," and that on the occasion of the second delivery the deceased said, "These bonds are all I can turn over now without making trouble, I want to give you what I can, better keep these bonds yourself and don't tell anybody, I have taken off the coupons for a year." The natural inference from these statements is that a present gift was intended in each instance and this inference is not overcome by the other findings of fact.

The inference that a present gift was intended is sound even if the conclusion of the master is correct, that when the deceased handed the bonds to the respondent he "cut off and retained" not only "the coupons then due, but also those becoming due in the immediate future," that "he intended to apply to his own use the coupons on the bonds as they became due, and that to this extent the handing over . . . was not, and was not intended by . . . [the deceased] to be, an absolute gift to take immediate effect." A reservation of a life estate by a donor, though to be considered in determining his intention, is not inconsistent with a present gift of the corpus of the property. *Bone* v. *Holmes, supra. Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499, 502.

According to the master's findings, the deceased was "a man of close and grasping disposition, who loved his money and was not disposed to part with it," and there were findings to the effect that he left surviving him a

widow and also three sisters, one of them the mother of the respondent; that for a period of eleven years, when the deceased carried on the business which had been his father's, he made no accounting to the other persons interested in his father's estate; that the respondent had "borne the brunt of expense of the care of his mother" and aunts, and the deceased "never contributed to any extent for this purpose, although expressing his appreciation of what . . . [the respondent] was doing in this regard"; that in 1925 the deceased had conveyed to the respondent the premises in Randolph, upon which the respondent lived with his mother and one of his aunts, with an arrangement whereby the respondent was to continue making monthly payments of rental to the deceased, and that the deceased never told his wife that he had made this conveyance or had delivered the bonds in question to the respondent. There were also findings that the deceased had made statements to his wife and to others, after the delivery of the bonds, as to the size of his estate and, directly or by implication, that the respondent was not "going to tell" him "what to do" with his money, and had told his wife that he "had a will drawn up but not executed for the reason that she would be better off without one," and that in fact a will had been prepared according to the directions of the deceased, but never executed by him, by which a trust was created for his sisters and gifts made to the respondent, with the recital that the deceased had been "generous" to the respondent "because of his loving care for my sisters, and because I have faith that he will help my relatives in time of distress or need." Other findings need not be recited. The master concluded from his subsidiary findings that, although nothing was said by the deceased when he delivered the bonds to the respondent, which "would indicate the establishing by him of a formal trust," it was "apparent that he expected . . . [the respondent] to take care of his mother and two aunts, all sisters of . . . [the deceased], in substantially the same way he had in the past without any substantial aid from him," and that the deceased's intention was "to deceive

his wife in the understanding that he still held possession of his full estate." Whether or not we accept these conclusions we think that the subsidiary findings as a whole are in accord with the natural inference, from the deceased's statements to the respondent on the occasions when the bonds were delivered, that present gifts were intended.

It follows that the order confirming the master's report, as modified, and the final decree dismissing the petition must be affirmed.

*Ordered accordingly.*