EDWARD M. HARDING *vs.* FLORENCE A. STUDLEY, executrix.

SAME *vs.* SAME.

Barnstable.    March 7, 1935. — March 28, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Gift. Fiduciary. Evidence,* Presumptions and burden of proof.

If the owner of a bond, after he had placed it in the possession of another for gratuitous safekeeping, asked for and received it from the bailee and thereupon handed it back to the bailee with the statement, "I want . . . [other persons present] as witnesses that I gave you this bond . . . I want you to have it, and I am going to give it to you now," and the bailee thereafter kept the bond, a finding would be warranted that there was then a completed gift of the bond to the bailee, notwithstanding that during the bailment the owner had made a will in which he gave the bond to the bailee and that after the gift

the donor, with the assent of the donee, received interest paid on the bond; the gratuitous bailment did not establish a fiduciary relationship between the bailor and the bailee, and there was error in a ruling that "With such a·fiduciary relation existing only the strongest evidence will overcome the presumption of the continuance of that relation."

Two PETITIONS, filed in the Probate Court for the county of Barnstable on May 11, 1934, and May 19, 1934, respectively, and afterwards amended.

The petitions were heard together by *Campbell*, J. The petitions, material evidence and findings by the judge, and decrees entered by his order are described in the opinion. The respondent appealed from each decree. The evidence was reported.

*P. M. Swift*, for the respondent.

*J. D. W. Bodfish*, for the petitioner.

PIERCE, J. This case is before this court upon appeals from two decrees entered in the Probate Court on August 6, 1934, on two petitions of one Edward M. Harding. In one the petitioner represented that Florence A. Studley was an unsuitable person to act as executrix of the will of Lucy Maude Cousins Harding and prayed that she be removed from that trust. In the other the petitioner represented that a bond for $5,000 and other personal property were the property of the estate of Lucy Maude Cousins Harding, and prayed that "the said Florence A. Studley be ordered to render a true and accurate account of her doings in connection with said trust and to turn over" to an "administrator c. t. a. d. b. n. [to be appointed] all the assets of said estate in her possession and control . . . ."

The two petitions were heard together. The trial judge found that Florence A. Studley was not a suitable person "for the faithful discharge of said trust" under the will of Lucy Maude Cousins Harding, and removed her from "said office and trust of executrix of the will of said Lucy Maude Cousins Harding"; he also found that the bond for $5,000 and the other personal property in question were the property of the estate of Lucy Maude Cousins Harding and not the property of Florence A. Studley.

The testatrix was the wife of the petitioner, Edward M. Harding, and the sister of the executrix. The testatrix died September 13, 1933, leaving a will and a codicil in which said Florence A. Studley was named executrix. The will and codicil were offered for probate shortly after the death of the testatrix and were contested by the husband. The will was allowed and the codicil disallowed. Shortly thereafter the petitioner filed his waiver of the provisions of said will, and later filed a petition for the removal of the executrix. After a hearing thereon his petition was dismissed but the trial judge ordered the executrix to furnish a bond with sureties. This order was complied with. Shortly afterwards, the petitioner filed another petition for the removal of the executrix and the petition for an accounting. On the day hearings were held on these petitions as amended (which are now before this court on appeals) the judge issued an order restraining the executrix from encumbering, alienating or converting into any form the Title Guarantee and Trust Company bond and mortgage for $5,000, which bond and mortgage together with "dividends" thereon are now impounded.

The appellant, in her brief, "waives any claim that the probate judge in the exercise of his discretion did not have the right to order her removal as executrix." She states therein, and her appeal is considered only on that footing, that "The sole remaining question now before the court is whether or not the $5,000 bond and mortgage is part of the estate of the said Lucy Maude Cousins Harding." Upon this sole issue the appellant contends that the bond in question was given to her in January, 1933, while the appellee contends that the appellant seeks to divert this bond from the estate and to convert the same to her own use.

The testimony of the appellant, her husband and son is printed in the record. This testimony is to the following effect: Shortly after the marriage of the testatrix, which occurred on March 21, 1932, the testatrix and her husband visited at the home of the appellant. There was some trouble between them and on the morning of April 22, 1932, the testatrix said to the appellant that she wished

her to take a bond (the bond in question) and keep it for her because she was afraid of her husband. This conversation was in the presence of the appellant's husband and son. The appellant took the bond and placed it in a safe. In January, 1933, the testatrix, in the presence of the appellant's husband and son, asked to see the bond. The appellant took it from the safe and handed it to her. She read it and said, "Now, you and Isaiah and Sherman are here, and I want them as witnesses that I gave you this bond, because I am going to Boston, and I have found that Mr. Harding had $20,000 given to him, and he is well able to support me, and I want you to have it, and I am going to give it to you now." The testatrix then handed the bond to the appellant, who put it back in the safe, where it remained until March, 1934. Between April 22, 1932, when the bond was placed in the appellant's keeping, and January, 1933, there was no conversation about the bond between the testatrix and the appellant except that the testatrix had asked the appellant if she "had it, and if it was all right," and the appellant's reply, "I have it, and any time that you ask me for it, you can get it."

It appears that between April 22, 1932, and January, 1933, there were "dividends" paid on the bond. The bond was nonnegotiable. In the conversation in January, 1933, the testatrix talked with the appellant about the "dividend," saying that "if it came before . . . [the appellant] had sent the bond in to have . . . [her] name put on it, she would let . . . [her] know." The "dividend" did not come until the first part of June. When it came, the appellant said she wanted to give it to the testatrix, but the testatrix wanted to give it to the appellant, and the appellant said, "My son is in the hospital. Give it to him." The testatrix put the "dividend" in the Barnstable County National Bank and received a bank book. She said "she would leave a paper in it, giving it to Sherman." The testatrix subsequently deposited another check in the account, and gave the bank book to the appellant, who produced it at the trial in the Probate Court. The testatrix left a statement, signed by her, directing the payment of this deposit

after her death to Sherman B. Studley, son of the appellant. There was no evidence that there was ever any understanding that the testatrix should continue to receive the income on the bond at the time of the alleged gift of it to the appellant. After the death of the testatrix the appellant had the account in the Barnstable County National Bank transferred to her name as executrix of the estate of the testatrix. The testatrix at the time of the alleged gift apparently was in good health and in middle life, and knew that the bond constituted the most of her property. She had made her will in September, 1932, which contained a proviso directing that the bond be given to the appellant.

On the reported evidence the probate judge found that "The executrix . . . is guilty of intentionally, purposely and wilfully testifying falsely in an attempt to deprive the estate of certain assets belonging to it and to secrete and convert them to her own use"; "that the $5,000 bond and the two dividend checks impounded with it, belong to the estate of Lucy Maude Cousins Harding and are not the property of the executrix"; and "that the deposit in the Barnstable County National Bank belongs to the estate and is not the property of the executrix." He states that the most important question in these proceedings is "whether the $5,000 bond and the deposit in the Barnstable County National Bank belong to the estate . . . or whether the testatrix made a valid gift of them during her lifetime to the executrix, Florence A. Studley, and her son, Sherman Studley, respectively." The judge states that if it is true (as the appellant testified) that the testatrix entrusted the bond to Florence A. Studley for safekeeping about "April 21, 1932," and that she held it until some time in the following January, 1933, then "she held it in a fiduciary capacity as a bailee, agent or depositary for the testatrix"; that "In the meantime the testatrix on September 1, 1932, had executed a will bequeathing this bond to the executrix, thus showing an intention to keep it during her life and to have it go to the executrix after her death." "With such a fiduciary relation existing only the strongest evidence will overcome the presumption of the continuance

of that relation especially whereas [*sic*] in this case the bond continues to be kept in exactly the same place and treated in exactly the same manner for eight months after the alleged gift and up to the time of the death of the testatrix and for over six months after that, or until about March 18, 1934.''

The testimony of the appellant and of her husband and son is all the direct testimony bearing on the issue of a gift or not of the $5,000 bond. This testimony, if believed, was sufficient to establish the alleged gift. There was a delivery in hand of the bond from the testatrix to the appellant with a declaration, ''I am going to give it to you now.'' These words accompanying the final delivery were sufficient in fact and law to constitute a valid gift *inter vivos* when accepted by the donee. *Bone* v. *Holmes*, 195 Mass. 495. *Fall River National Bank* v. *Estes*, 279 Mass. 380, 384. The statement of the judge of probate that if ''it were possible to believe any of the statements of the executrix, her son, or husband, all of whom have been utterly discredited, even then the fair construction of the language imputed to the testatrix and which accompanied the alleged delivery, were not appropriate words of present transfer of title to the property,'' is manifest error. *Robinson* v. *Pero*, 272 Mass. 482. *Herbert* v. *Simson*, 220 Mass. 480. *Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425. The fact that the ''dividends'' were received by the testatrix after the gift, with the assent of the donee, would have no effect in defeating the gift, which was complete before the ''dividends'' were payable. *Robinson* v. *Pero*, 272 Mass. 482. The finding or ruling that the deposit of the bond with the appellant for safe-keeping established a fiduciary relation as bailee, agent or depositary, and ''With such a fiduciary relation existing only the strongest evidence will overcome the presumption of the continuance of that relation especially whereas [*sic*] in this case the bond continues to be kept in exactly the same place and treated in exactly the same manner for eight months after the alleged gift . . .'' is to be treated as an instruction by the judge to himself, and was error. The gratuitous bailment for mere custody of the bond imposed no duties on the appellant which are

not involved in merely keeping it for the bailor. Such a bailment is not a technical trust, nor is the relation one of closest confidence, though it necessarily involves to some extent some repose of confidence in the bailee. The fact that, in the September preceding the gift, the testatrix made a will containing a provision that the bond be given to the appellant does not warrant an inference that the testatrix desired to retain title to the bond during her life, because the will speaks from the date of the death of the testatrix and would not prevent her from conveying or transferring any part of her property mentioned in her will before her death and thus effecting a partial revocation.

It follows that the decree ordering the removal of Florence A. Studley, executrix of the will of Lucy Maude Cousins Harding, is affirmed, and that the decree adjudging that the bond of $5,000 is the property of the estate of Lucy Maude Cousins Harding and not the property of Florence A. Studley is reversed.

*Ordered accordingly.*