EDWARD M. HARDING *vs.* FLORENCE A. STUDLEY, executrix.

Barnstable.    February 5, 1936. — April 1, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Probate Court*, Findings by judge, Appeal.    *Gift.*

On appeal from a decree of a probate court with findings of material
facts and a report of the evidence, a finding on conflicting testimony,
that a certain bond was part of a decedent's estate and had not been
given *inter vivos* by the decedent, was *held* not to have been plainly
wrong, and the decree was affirmed.

PETITION, filed in the Probate Court for the county of
Barnstable on May 11, 1934, and afterwards amended.

After rescript from this court (290 Mass. 310) the petition
was heard by *Leggat*, J. The respondent appealed from a
decree entered by his order.

*P. M. Swift*, for the respondent, submitted a brief.

*J. T. Batchelder*, (*J. D. W. Bodfish* with him,) for the
petitioner.

FIELD, J. Lucy Maude Cousins Harding died September
13, 1933, leaving a will executed September 1, 1932, which
was duly proved. By this will she made bequests to her
sister Florence A. Studley including a specific bequest of a
"Title Guarantee Trust Co. Bond," and named her sister
as executrix. Mrs. Studley qualified as executrix. The
surviving husband of the testatrix, Edward M. Harding,
waived the provisions of the will.

Edward M. Harding brought this petition in equity in
the Probate Court against Florence A. Studley as execu-
trix. It contains a prayer, among others, that the court
"determine whether or not this estate includes said bond
for $5,000 described in said will of the testatrix." A hear-
ing thereon was had in the Probate Court and a decree
entered which was reversed by this court on appeal. *Hard-
ing* v. *Studley*, 290 Mass. 310. At the same time a decree

on another petition removing Florence A. Studley as executrix was affirmed.

After the decree on the present petition was reversed another hearing was had thereon on the single issue whether the bond is property of the estate of the testatrix, and a decree was entered that such bond "together with accrued interest thereon since the date of death of said Lucy Maude Cousins Harding, is the property of said estate." Florence A. Studley appealed to this court. The case comes before us with a report of all the evidence and a report by the judge of the material facts.

The decree appealed from must be affirmed.

The petition was treated by the judge as brought under G. L. (Ter. Ed.) c. 230, § 5, as amended by St. 1934, c. 116, and no contention is made that it is not within that statute.

On this appeal, with the evidence reported, this court reviews facts as well as law and, since the evidence is largely oral, the findings of the trial judge will not be reversed unless plainly wrong. He saw the witnesses and was in a more favorable position than are we, with only the transcript of the evidence before us, to pass upon their credibility and the weight to be given to their testimony. *Reed* v. *Reed*, 114 Mass. 372. *Lindsey* v. *Bird*, 193 Mass. 200. *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 279.

Clearly, apart from the direct testimony of Mrs. Studley, her husband and her son, that the testatrix made a gift of the bond in question to her in January, 1933, a finding that this bond was the property of the estate of the testatrix at the time of her death was not plainly wrong. Indeed no such contention is made. The case turns, therefore, upon the effect to be given to such direct testimony. With reference to this testimony the judge in his report of material facts makes this statement: "If believed, this testimony established a good and valid gift. I did not believe her [Mrs. Studley's] testimony. Her evasive conduct on the witness stand, her inability to set a definite date, within a reasonable time, of the day of a gift of $5,000, her lack of frankness in answering relevant questions, her denial of knowledge of the bond in question at a previous hearing

on this matter and on the morning after the testatrix's death, her acknowledgment of a gift of a $175 bond which did not exist, at the same hearing, her denial of the contents of the letter regarding the bond sent the bond company the evening of the day she learned the petitioner knew of its existence, the plain language of that letter, which led me to believe that she had knowledge that she was to be the beneficiary of the bond under the will and was so claiming it at that time, and her unsatisfactory and unreasonable explanation for estimating the value of the personal estate at $6,500 on her bond all led me to give no credence to her testimony. Even the corroborating testimony of her husband and son, at variance in material respects with testimony given at previous hearings, persons who are interested by ties of close relationship, and indirect beneficiaries of the gift, was insufficient to persuade me that a gift took place."

Nothing in the evidence compels the conclusion that the judge was plainly wrong in disbelieving the testimony of Mrs. Studley or in finding that the corroborating testimony of her husband and her son was insufficient to persuade him that a gift took place and, consequently, in finding that the bond is the property of the estate of the testatrix. There is evidence which, if believed, casts doubt upon the truthfulness of this testimony, and other evidence tending to show that these persons were not credible witnesses. And none of the reasons given by the judge for disbelieving the testimony of Mrs. Studley and failing to give full credence to the corroborating testimony of her husband and her son can be said to vitiate his conclusions. He was in a better position than are we to observe on the part of Mrs. Studley "evasive conduct on the witness stand" and "lack of frankness in answering relevant questions." Her conduct and attitude in these respects cannot be fully shown by her testimony as printed, but that testimony as printed is at least consistent with the characterization of such conduct and attitude by the judge who saw and heard her when she testified. And the other grounds stated by him for disbelieving her testimony are supported by the evi-

dence. It is true that the bequest of the bond by the will of the testatrix is not inconsistent with the gift thereof *inter vivos* after her will was executed (*Harding* v. *Studley*, 290 Mass. 310, 316), and that the assertion by Mrs. Studley of a claim to the bond under the will did not preclude her from claiming such bond by virtue of a gift *inter vivos*. But the circumstances attending her assertion of a claim to the bond under the will were proper for consideration as bearing upon the credibility of her testimony to a gift of such bond *inter vivos*. The testimony of the husband and that of the son showed that it was at variance with their testimony respectively at the earlier hearing. Furthermore, the judge properly could consider the interests of these witnesses in the result of the case as bearing on their credibility. *Howe* v. *Ripka*, 199 Mass. 359, 360–361. The errors in rulings at the previous hearing for which the earlier decree was reversed (see *Harding* v. *Studley*, 290 Mass. 310, 315–316) were not again committed at the later hearing. Further statement or discussion of the evidence is not required. See *Ecklund* v. *Ecklund*, 288 Mass. 517, 518, and cases cited.

*Decree affirmed.*