DORCHESTER SAVINGS BANK *vs.* JOHN W. J. TATE, administrator, & another.

Suffolk.   February 4, 1941. — February 26, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Gift.   Equity Pleading and Practice*, Findings by judge.

Certain statements by a judge among findings of fact made by him in a suit in equity relating to whether a gift of a savings bank account had been made did not show that his ultimate finding, that there had been no gift, was plainly wrong on fully reported evidence.

BILL IN EQUITY, filed in the Superior Court on June 10, 1940.

The case was heard by *Buttrick*, J.

*H. R. Bygrave*, for the defendant Tate, administrator.

*R. S. McCabe*, for the defendant Williams, executor.

Cox, J.   This bill of interpleader and the answers of the parties in interest present the question of the ownership of a deposit in the plaintiff bank standing in the name of David Moore, hereinafter referred to as Moore, and claimed by the defendant Tate, hereinafter referred to as Tate, as he is administrator of the estate of his wife, hereinafter referred to as Mrs. Tate.   The evidence is reported. G. L. (Ter. Ed.) c. 214, § 24.   Rule 76 of the Superior Court (1932).   The judge made findings of fact, and, upon

his order, a final decree was entered adjudging that the fund in question; which had been paid into court under the terms of an interlocutory decree, was the property of the defendant executor of Moore's will, and ordering that the fund be paid accordingly. It is for this court to examine the evidence and decide the case according to its own judgment as to the facts as well as the law, giving due weight to the findings of the trial judge. But his findings as to facts, either expressly made or necessarily implied from his disposition of the case, will not be reversed unless plainly wrong. *White Tower Management Corp.* v. *Taglino*, 302 Mass. 453, 454, and cases cited.

Tate and Moore were friends for many years. Moore died on February 1, 1926. Some time in the latter part of January, 1926, he was at the Tate home and, after he left, Mrs. Tate showed her husband a bank book which represented the deposit in question. Tate never saw the book again until after the death of his wife and had no conversation concerning it. After her death on December 10, 1939, he found the book among her effects. It still stood in Moore's name, no interest had been added, and there was no change whatsoever in the amount of the deposit, which was $3,065.98. There was oral testimony of a sister of Mrs. Tate to the effect that the latter, in 1936, on two occasions had referred to the "bank book that Dave Moore gave to me." Moore's will, made on September 2, 1922, gave $5,700 to relatives, and, according to the inventory, his estate consisted of savings bank deposits, a small item of cash, and an item due for salary. There remained, over and above the total amount of legacies, $3,427.07 undisposed of. These are substantially the findings of fact that were made by the trial judge. The ultimate finding was that there was not sufficient evidence to show that Moore made a delivery of the bank book to Mrs. Tate with the intention of making a gift, "and did not make an effective transfer of said deposit to her."

If Moore delivered the bank book to Mrs. Tate with the intention of making a gift to her, this would constitute an effective transfer of the deposit represented by the book,

when accepted by her.     *Busteed* v. *Cambridge Savings Bank*, 306 Mass. 9, 15.

Tate contends that the finding of the judge is based upon two assumptions, both of which are wrong.   One is that there was no evidence, except that of the sister, to support the contention of a gift, and Tate contends that thereby the judge ignored altogether other testimony disclosing circumstances that bore upon the significance to be attached to the possession of the bank book by Mrs. Tate.   The other assumption is that the sister had a strong interest, and Tate contends that it was upon this assumption that the judge found "the effect of strong interest" in the testimony of Mrs. Tate's sister "which affected her credibility."   In short, Tate contends that the judge based his decision entirely upon the testimony of this sister.   We are of opinion, however, that this contention ought not to prevail.   It is true that after a statement of findings, substantially as hereinbefore set out, the judge did say, in effect, that the only evidence that was offered "in support of the contention that the gift had been made" was the testimony of the sister.   We are of opinion, however, that by this statement, the judge had in mind that there was no other testimony as to what took place at the time it was contended that the bank book must have been delivered to Mrs. Tate.   We think his statement that he found there was not "sufficient evidence" to establish a gift indicates a consideration of the evidence as a whole, and that his ultimate finding was not based solely upon the testimony of Mrs. Tate's sister.

As to the other assumption, it is urged that the sister had no interest in the sense that she would not share in the distribution of her sister's estate.   We are of opinion, however, that it does not follow from the statement of the judge that he had this sort of interest in mind.   Her testimony appears in the record, but, of course, this cannot show her appearance and attitude as a witness.   We cannot say that the judge, from what he saw of her, may not have reasonably concluded that her very relationship was enough to warrant his statement, nor that his conclusion was

not warranted that her credibility as a witness was affected thereby. See *Howe* v. *Ripka,* 199 Mass. 359, 361; *Harding* v. *Studley,* 294 Mass. 193, 195.

From an examination of the entire record, it cannot be said that the judge's findings are plainly wrong.

*Decree affirmed.*