ETTA M. CHUTE, administratrix, *vs.* WILLIAM W. WATERMAN & another.

Franklin.    March 9, 1949. — April 1, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract,* For support, Performance and breach. *Executor and Administrator,* Real estate of decedent. *Equity Jurisdiction,* Specific performance. *Equity Pleading and Practice,* Parties.

Facts found by a master supported his conclusion that persons to whom a woman of advanced age and feeble health conveyed real estate and personal property failed to carry out an agreement with her to "do all in their power to make the home pleasant and happy and give . . . [her] good care and company during the remaining years of her life."

In enforcing specific performance of an agreement to convey real estate and household furniture and furnishings to one who died intestate after it was made, the real estate should be ordered conveyed to his heir and the personal property to the administrator of his estate.

BILL IN EQUITY, filed in the Superior Court on January 22, 1948.

The suit was heard on a master's report by *Beaudreau,* J.

*M. J. Levy,* for the defendants.

*F. P. Garland,* for the plaintiff.

LUMMUS, J.    This is a suit in equity, originally brought by Cora J. Jones, hereinafter called the plaintiff, for specific performance of a written agreement to reconvey to the plaintiff real estate and household furniture and furnishings. The facts were found by a master whose report was confirmed, subject to the appeal of the defendants.    The defendants also appealed from the final decree.

The plaintiff was eighty-seven years old and in feeble health when she conveyed to the defendants her two apartment houses in Greenfield with the household furniture and furnishings, upon the written agreement of the defendants, dated July 29, 1947, to support and care for the plaintiff. One provision of the agreement was that "The Watermans

will do all in their power to make the home pleasant and happy and give Mrs. Jones good care and company during the remaining years of her life." Another provision was the following: "In the event that the Watermans should fail or for any reason be unable to carry out the obligations undertaken by them in this agreement, they will convey back to Mrs. Jones the real estate and personal property which under the terms hereof are to be conveyed and transferred to them," with a provision for compensation to them if their failure was "through no fault of their own."

The master found that the defendants failed to carry out the provisions of the agreement that they "will do all in their power to make the home pleasant and happy and give Mrs. Jones good care and company during the remaining years of her life." That was an onerous undertaking with respect to a woman of advanced age and feeble health. The subsidiary facts which the master believes to support his conclusion consist mainly of incidents which might have been thought trivial had the plaintiff been of sound health and no more than middle age. Those incidents, however, caused disturbance and unhappiness to the plaintiff. The defendants "made no serious effort to provide" the plaintiff with the special diet that she required. They failed to give the plaintiff "good care and company," but left her "alone most of the time." Even if the subsidiary facts be taken to be the whole basis for the conclusion of the master (*Robinson* v. *Pero*, 272 Mass. 482, 484; compare *Gadreault* v. *Hillman*, 317 Mass. 656, 660), we think them sufficient to support the conclusion.

The final decree was entered on May 28, 1948. It commanded the defendants specifically to perform their written agreement of July 29, 1947, by executing, acknowledging and delivering to the plaintiff a conveyance of the real estate conveyed by her to the defendants, and by executing and delivering to her a conveyance of the personal property conveyed by her to the defendants, with costs.

Cora J. Jones, the plaintiff, died on August 6, 1948, after the appeal to this court had been taken. Etta M. Chute,

her daughter and only heir at law and next of kin, was appointed administratrix of her estate on September 7, 1948. On motion filed in this court Etta M. Chute, administratrix of the estate of Cora J. Jones, was substituted for Cora J. Jones as plaintiff. That qualified her to receive a reconveyance of the personal property. But the reconveyance of the real estate must be made to Etta M. Chute individually, as heir at law of Cora J. Jones.

The interlocutory decree confirming the master's report is affirmed. If a motion is made within two months after the date of the rescript to join Etta M. Chute individually as a plaintiff, that motion shall be allowed as of course, and the final decree shall be modified by requiring a conveyance of the real estate therein referred to to be executed, acknowledged and delivered to Etta M. Chute, and by requiring a conveyance of the personal property therein referred to to be executed and delivered to Etta M. Chute as administratrix of the estate of Cora J. Jones. As so modified the final decree is affirmed with costs.

*So ordered.*