ANTHONY MONEIKIS *vs.* MICHAEL GROSS & others.

Plymouth. May 3, 1950. — June 12, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Gift.*

A finding by the trial judge in a suit in equity, that a father had made a
completed gift to his son of a bank deposit standing in the name of the
father as "natural guardian of" the son, was not plainly wrong on
conflicting reported evidence on which the judge could have found
that the bank book was delivered by the father to the son with intent
to pass title to the deposit and that it was accepted and retained by
the son as his property.

BILL IN EQUITY, filed in the Superior Court on September
11, 1947.

The suit was heard by *Swift*, J.

*E. A. Egan*, (*J. J. Geogan* with him,) for the plaintiff.

*E. G. Townes*, (*E. H. Stevens* with him,) for the defendants.

RONAN, J. The plaintiff brought this bill in equity to
establish his ownership in a bank deposit standing in his

name as "natural guardian of Anthony Moneikis, Jr.," his son and one of the defendants, and to order the son to deliver to him the bank book representing this deposit. The judge found that the plaintiff had made a gift of the bank book and the deposit to his son. The plaintiff appealed from the final decree.

The first contention of the plaintiff is that the judge could not find that the bank book had been given to the son in view of the latter's admissions in his answer to the bill. In the instant case, the defendant son in one part of his answer admitted that the bank book was in his father's possession until the latter went to the hospital in 1946, and alleged that thereafter the book was in the possession of the son and available to his father. It is to be noted that these allegations pertained merely to the possession of the book. The answer of the son to all allegations contained in the bill to the effect that the deposit belonged to the plaintiff was a direct and categorical denial, and set forth that his father had made a gift to him of the deposit in order that he, the son, could use it to secure an education. The title to the deposit became the principal issue under the pleadings and presented a question of fact even though there might be a variance between the allegations in the son's answer and his testimony as to when he acquired possession of the book.

We have examined the evidence and the report of material facts made by the judge. The evidence in the main came from a divided household. There is a sharp and irreconcilable conflict between the testimony given on the one hand by the plaintiff and that given on the other hand by the defendants. It would add nothing to our jurisprudence to narrate the testimony. The judge had the benefit of observing the witnesses in determining where the truth lay. It is enough to say that the evidence, if believed, was sufficient to show that the bank book was delivered by the father to his son with the intent of passing title to the deposit to the son, and that it was accepted by the latter who has since retained possession of the book as his property. It cannot be said that the judge was plainly wrong in finding

that there had been a completed gift of the bank deposit. *Harding* v. *Studley*, 290 Mass. 310, 316. *Busteed* v. *Cambridge Savings Bank*, 306 Mass. 9. *Gowell* v. *Twitchell*, 306 Mass. 482. *American Employers' Ins. Co.* v. *Webster*, 322 Mass. 161, 163.

*Decree affirmed with costs.*