*Municipal Court of the*
*City of Boston*

No. 306805

## ENRICIUS EVERETEZE, JR.

### v.

## MUTUAL OF OMAHA INSURANCE COMPANY

Argued: Jan. 26, 1973 - Decided: March 1, 1973

*Present:* Lewiton, J. (Presiding), Morrissey, and Glynn, JJ.

Case tried to *De Guglielmo, J.*

**Morrissey, J.** This is an action of contract to recover $100.00 per week for the period beginning June 26, 1971 and ending October 1, 1971, pursuant to the terms of a policy of insurance issued by the defendant on March 22, 1971. The answer of the defendant is a general denial, payment, and alleged that the plaintiff intended to deceive the defendant by failing to provide truthful answers on the application for insurance, that the risk of loss was thereby increased, and that the policy was never in effect.

At the trial there was evidence tending to show that on or about December 28, 1970, the plaintiff had signed an application for insurance in which he represented that he had been involved within the past five years in only two motor vehicle accidents in which he had sustained personal injuries, when, in fact, he had been involved in five such accidents and in each he had made claim for bodily injury. After the policy of insurance had been issued by the

defendant, the plaintiff, while in the course of his duties as a policeman for the Metropolitan District Commission, was injured during a chase of a suspected thief by falling from the second story of a building. Three months later the plaintiff was notified by the defendant that they were refusing to pay the claim and were seeking to avoid the entire policy because of the misrepresentation hereinbefore referred to.

The defendant seeks to avoid the policy of insurance on the basis of G.L. c. 175, § 186 which provides that:

> "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

At the close of the evidence the plaintiff duly filed 13 requests for rulings which, together with the court's disposition thereof, was, as follows:

> "1. The evidence requires a finding for the plaintiff.
>
> Court: *Denied. (See Findings of Fact).*
>
> "2. The law requires a finding for the plaintiff.
>
> Court: *Denied. (See Findings of Fact).*

"3. Truth in answers to the questions in an original application for insurance is not a condition precedent, and the answers to the questions are merely representations or warranties.

Court: *Denied. (See Findings of Fact).*

"8. If a full disclosure was made to the agent, and the agent failed to include the facts in the application, the defendant cannot avoid the policy.

Court: *Denied. I do not so find as a fact.*

"9. Where one of two innocent parties must suffer, he through whose agency the loss occurred must bear it.

Court: *Denied as inapplicable to the facts found.*

"10. An applicant for insurance is not required to refer to every temporary and minor deviation from complete physical well-being, such as a minor physical injury.

Court: *I do not find that the injuries sustained by the plaintiff in prior accidents were temporary or minor deviations.*

"12. As a matter of law, the misrepresentations in the plaintiff's application for insurance did not increase the risk of loss.

Court: *Denied.*

"13. Recovery in an automobile accident

case is not an "insurance benefit" within the meaning of the policy.

Court: *Denied as inapplicable to facts as found.*"

The trial justice made the following findings of fact:

"This is an action of contract begun by writ dated January 24, 1972 by which the plaintiff seeks to recover for benefits under an insurance policy issued by the defendant.

Upon the basis of the credible evidence before me I find as follows:

"On or about December 28, 1970, the plaintiff made application for a so-called Health-Accident Insurance policy with an agent of the defendant. As a preliminary to the issuance of the policy, the plaintiff supplied information to the defendant's agent, which information was inscribed in a document entitled "Application to Mutual of Omaha Insurance Company". This application after having been filled out was signed by the plaintiff and transmitted to the home office of the plaintiff (sic). In his application, the plaintiff, in response to a direct question as to physical condition or injuries within five years acknowledged two such injuries whereas in fact he had been involved in five automobile accidents for which he made claim for substantial injuries.

Based upon the information contained in the application of the plaintiff, the defendant issued a policy of insurance on March 21, 1971.

The plaintiff paid the required annual premium.

Under date of April 15, 1971, the defendant sent to the plaintiff a photostatic copy of the application asking the plaintiff to check the application and note any corrections. The plaintiff acknowledged reviewing the application and found 'the answers to be correct and complete'.

On June 26, 1971 the plaintiff was injured and made proper report of disability. The defendant in processing the claim for injuries learned of the five prior injuries, and under date of October 14, 1971 disclaimed coverage under the policy. The defendant sent to the plaintiff a check in the amount of the premium paid by the plaintiff. The plaintiff refused to accept the returned premium and returned the check to the defendant.

I find that the plaintiff deliberately and with intent to deceive, withheld from the defendant the full and candid reports of injuries in his application. I find that such withholding of information materially affected the decision of the defendant in determining the insurability of the plaintiff. I find that, had the defendant been informed of the full status of plaintiff's prior medical history, it would not have issued a policy of insurance because of an increase of risk of loss being involved.

At the conclusion of the evidence the plaintiff and defendant [each] seasonably filed re-

quests for rulings of law. The defendant also filed a 'Motion for Judgment for Defendant'. I treat the defendant's 'Motion for Judgment' and 'Request for Rulings' as waived.

I find for the defendant.''

The trial judge properly denied requests 1, 2, 3, 8, 9, 10, 12 and 13 as they are either requests for findings of fact, which were not reviewable by this court, or they were inapplicable because of the facts found by the trial justice.

As stated in *DeMatteo Co.* v. *Commonwealth,* 338 Mass. 568 at page 572, ''It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence or any reasonable interpretation of the evidence.'' See also *Mass.* v. *Old Colony Trust Co.,* 246 Mass. 139, 143. *Casey* v. *Gallagher,* 326 Mass. 746, 748.

The evidence reported in the trial justice's report did not indicate that the plaintiff testified at the trial. However, counsel for the plaintiff and the defendant orally stipulated to this Division, at the time this case was argued, that the plaintiff did, in fact, testify at the trial.

An Appellate Division cannot review findings of fact as such. Its only authority is to pass upon the soundness of rulings of law given or refused by the judge who hears the case, or other matters of law arising at the trial. *Himelfarb* v. *Novadel Agene Corp.,* 305

Mass. 446, 449. *Loanes* v. *Gast*, 216 Mass. 197, 199. *Palma* v. *Racz*, 302 Mass. 249, 250. Excepting in cases where the party seeking review has directly challenged the sufficiency of the evidence, the findings of the trial justice will not be set aside if they can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Reid* v. *Doherty*, 273 Mass. 388, 389-390. *Lender* v. *London*, 286 Mass. 45, 47. *Spencer* v. *Burakiewicz*, 288 Mass. 83, 85. *Alum. Prod. Co.* v. *Regal Apparel*, 296 Mass. 84, 87. *Carando* v. *Springf. Cold Storage Co.*, 307 Mass. 99, 101.

The plaintiff has challenged the sufficiency of the evidence to support the findings of the trial justice. The evidence shows that the application for the insurance, which is the basis of this action, was signed by the plaintiff and that in it he represented that he had only two accidents within a five year period of the date of the application. It is conceded that, in fact, he had five accidents during this period.

The trial justice found as a fact that the plaintiff deliberately and with intent to deceive, withheld from the defendant the full and candid reports of injuries in his application and that such withholding of information materially effected the decision of the defendant in determining the insurability of the plaintiff.

There was sufficient evidence from which the trial justice could make these findings of fact.

He further found that had the defendant been informed of the full status of the plaintiff's prior medical history, it would not have issued a policy of insurance because of the increase of risk and loss involved.

There is nothing in this report to indicate that the plaintiff did not understand the application, or that he was influenced by any agent of the defendant to give incomplete or untrue information. In fact, the application shows that he represented his answers to be true and complete.

Further evidence was offered at the trial that at a later date the plaintiff had reviewed the application and found the answers to be correct and complete.

Many cases have held that whether or not a misrepresentation in an application for an insurance policy was made with intent to. receive, is a question of fact. See *Schiller* v. *Metropolitan Life Ins. Co.*, 295 Mass. 169. *Sullivan* v. *Metropolitan Life Ins. Co.*, 342 Mass. 649, 650.

The trial justice had before him the plaintiff and the defendant's witnesses. He had the responsibility to determine their veracity. His conclusions and findings of fact cannot be said to be wrong. We agree with the defendant that the court having found as a fact that the plaintiff perpetuated a fraud upon the defendant, he should not be allowed to benefit from his wrongdoing.

There being no prejudicial error, the order is report dismissed. **Report dismissed.**

**Lewiton, J. concurring:**

I concur in the judgment that the report in this case should be dismissed. In my opinion this case turns essentially on the question of whether the trial judge could properly find on the evidence, as he did, "that the plaintiff deliberately and with intent to deceive, withheld from the defendant the full and candid reports of injury in his application." If this question is answered affirmatively, the defendant insurance company could be held to have acted within its rights in avoiding the policy because of the misrepresentations. See G.L. c. 175, § 186.

By his requests for rulings numbered 1 and 2, the plaintiff asked the trial court to rule, in substance, that a finding for the plaintiff was required as a matter of law. The denials of these requests were accompanied by references to findings of fact made by the court.

In support of his requested rulings the plaintiff relies principally on the case of *Sullivan* v. *John Hancock Mutual Life Insurance Company,* 342 Mass. 649, where the Supreme Judicial Court held that an actual intent to deceive may not properly be inferred merely from the fact that statements made by the applicant in his application for insurance, concerning facts of which he had personal knowledge, were false. The court there held that a

finding of such intent to deceive required something more than such misstatements of fact in the application.

While, at first blush, the *Sullivan* case might be deemed controlling on the issue of intent to deceive in the case at bar, there is a distinguishing factor here. The parties have stipulated in oral argument before us that the plaintiff, who made the false statements in his application and confirmed the correctness of such statements to the defendant insurance company a few days later, testified under direct and cross-examination at the trial of this case, whereas the person who allegedly made false statements in the application involved in the *Sullivan* case was deceased before the trial of that case. The trial judge here, observing the plaintiff on the witness stand, was able to appraise the credibility of the plaintiff on the basis of the testimony which he gave and the manner in which he gave it. *Harding* v. *Studley,* 294 Mass. 193, 195. *Dorchester Sav. Bank* v. *Tate,* 308 Mass. 436, 438. *Davis* v. *Boston Elevated Ry. Co.,* 235 Mass. 482, 501-2. These observations by the trial judge could properly be taken into account by him in his determination as to whether the original misstatements by the plaintiff to the insurance company were unintentional, inadvertent or mistaken, or whether, on the other hand, they were deliberately and knowingly made by the defendant with the intent to deceive the insurance company. This was clearly the type of determina-

tion which could best be made by the trial judge who saw and heard the witness. *Berman v. Coakley,* 257 Mass. 159, 162. *Moroni* v. *Brawders,* 317 Mass. 48, 56. *City of Boston* v. *Santosuosso,* 307 Mass. 302, 331-2.

Since the evidence warranted a finding of actual intent to deceive on the part of the plaintiff, the trial judge properly denied plaintiff's requests numbered 1 and 2. While requested ruling number 3, to the effect that answers in an original application for insurance are representations or warranties rather than conditions precedent, should have been granted, its denial was rendered harmless by the explicit finding of actual intent to deceive, which finding was dispositive of the case.

In the light of the foregoing, I see no occasion for us to consider whether the evidence also warranted the trial judge's finding that the misrepresentations by the plaintiff in his application increased the risk of loss to the defendant, and thereby established another ground for avoiding the policy. For the same reason, the trial justice's denial of other rulings requested by the plaintiff was rendered immaterial.

HERBERT D. LEWIS of Boston
  for the Plaintiff
JAMES M. GRAHAM and
GREGORY SULLIVAN
  both of Boston
  for the Defendant