Merrick, J.
This is an action in contract to recover health insurance benefits in the amount of $18,300.00 for treatment expenses incurred by the plaintiff-insured, Eugene Parent (“Parent”).
The defendant-insurer, Blue Cross and Blue Shield of Massachusetts, Inc. (“Blue Cross”), filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment on the grounds that Parent’s benefits claim was for dental services not covered by the policies issued to him. Parent now appeals the trial court’s allowance of the defendant’s motion and entry of summary judgment in its favor.
The reported material facts are not in dispute. Parent suffers from “Amelogenesis Imperfecta,” a congenital defect in tooth enamel which results in the abnormally rapid erosion and decay of the tooth and the discoloration and pain attendant to decay. Left untreated, the condition results in the random loss of teeth and possible jaw displacement and impaired jaw function. The proper treatment of this condition is the crowning of the patient’s teeth to provide the protective tooth covering not present at birth. As in the plaintiffs case, the crowning of teeth is a procedure performed by a dentist. The $18,300.00 total cost of his dentist’s services constitutes the basis of Parent’s benefits claim against Blue Cross.
Parent’s insurance coverage consisted of Master Health Plus and Master Medical Subscriber Certificates (“the Certificates”) issued by Blue Cross.[1] The Certificates are identical in all pertinent respects. In their insuring clauses, the Certificates provide benefits for listed services by physicians, dentists and others, subject to certain limitations and exclusions. Covered services by dentists are expressly restricted to situations not here material; namely, specified surgical services, treatment immediately following an accident and treatment of fractures, dislocations and burns. Based on this contractual limitation of dental service benefits, it was concluded in the affidavits of two Blue Cross employees filed in support of the defendant’s Rule 56 motion that the crowning of Parent’s teeth was not a dental service covered by the parties’ insurance Certificates.
Parent contends that these affidavits of medically unqualified employees of Blue Cross were effectively rebutted by the counter-affidavit of his dentist who characterized “Amelogenesis Imperfecta” as a “medical condition” often treated “in conjunction with a physician.” Parent further argues that his expert’s counter-affidavit was *68 sufficient to raise a genuine issue of material fact requiring a trial on the merits on the question of insurance coverage under the Certificates.
Whether “Amelogenesis Imperfects” is a medical rather than a dental condition is irrelevant, however, to the dispositive question in this case of whether Parent’s claim was for insurance benefits covered by the Certificates. The reason is that coverage under the Certificates is based upon the nature of the services rendered rather than the nature of the health condition which necessitated such services. In allowing Blue Cross’ motion for summary judgment, the trial court correctly ruled that the there was no genuine issue of material fact, and that the question of coverage was one of law based on the proper interpretation of the Certificates as the contract between the parties.
Construing the unambiguous language of the Certificates in “its usual and ordinary sense,” Barnstable County Mut. Fire Ins. Co. v. Lally, 374 Mass. 602, 605 (1978), the trial court properly ruled that the crowning of Parent’s teeth was a “dentist’s service” not included within the specified surgical services, treatment after accident or treatment of fractures, dislocations and bums for which benefits are provided under Parent’s insurance policies.
There is no merit to Parent’s additional contention that coverage for dentists’ services is somehow expanded by the Certificates’ exclusions. It is established that “exclusion clauses do not grant coverage; exclusions limit the scope of coverage granted in the insuring agreement.” Bond Bros., Inc. v. Robinson; American Ins. Co., 1983 Mass. App. Div. 280, 282, aff'd 393 Mass. 546 1984). See also, Estabrook v. Eastern Commercial Trav. Accid. Assoc., 308 Mass. 438, 441 (1941).
There being no error, the trial court’s allowance of defendant’s motion for summary judgment is affirmed. The report is dismissed.

 The report copies furnished to this Division by the plaintiff-appellant contain only the first pages of the Certificates. However, the complete Certificates were attached as exhibits to the defendants memorandum in support of its Rule 56 motion, and were so reviewed and made apart of the report by the trial judge. Both parties have argued the insurance coverage issue by express reference to the Certificates’ provisions. We have, therefore, reviewed the Certificates in their entirety.